PAUL A. BONIN, Judge.
hThe district attorney appeals the trial judge’s granting of the motion to quash filed by the defendant, Ryan Marcelin. The district attorney charged Mr. Marce-lin with Jumping Bail, a violation of La. R.S. 14:110.1 A, which criminalizes the “intentional failure to appear at the date, time, and place as ordered by the court before which the defendant’s case is pending.” The ground specified in Mr. Marce-lin’s motion to quash was that his failure to appear was as a result of the district attorney’s failure to serve written notice of his hearing at the proper address listed on Mr. Marcelin’s bail bond. See La.C.Cr.P. art. 344 B; La.C.Cr.P. art. 322 A.[1]
Our recent decision in State v. Franklin, 13-0488 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, is dispositive of the issue presented. Upon our de novo review of the bill of information and the quashal, we find that the trial judge failed to limit his consideration of the motion to quash to appropriate questions of law; the trial judge impermis-sibly considered factual defenses going to the merits of the offense charged in his decision to quash the bill of information. Accordingly, |2we reverse the trial judge’s ruling and remand the matter for further proceedings. We explain our reasoning in greater detail below.
I
The record before us is limited to certain pre-trial documents and the transcript from the hearing on the motion to quash. According to Mr. Marcelin’s motion to quash, the district attorney filed a bill of information on November 22, 2005, charging him with one count of possession of cocaine, a felony and a violation of La. R.S. 40:967 C. Prior to that filing, Mr. Marcelin signed a bond document causing him to be released from incarceration while his prosecution was pending before the Criminal District Court for the Parish of Orleans in proceedings numbered 463-004. On this bond document, Mr. Marcelin listed 4155 Madea Road, Apartment 150, Beaumont, Texas as his address. .See La.C.Cr.P. art. 322 A. Mr. Marcelin then missed numerous court dates throughout 2006 and 2007. The notices regarding these hearings, however, were served on a different address than that listed on his bond: 2610 Washington Avenue, New Orleans, Louisiana 70113. See La.C.Cr.P. art. 344 B.
According to the bill of information in this case, Mr. Marcelin was charged on August 26, 2011 with committing the offense of “Jumping Bail” for intentionally failing to appear on August 1, 2011 before Section A of Criminal District Court for a hearing regarding his pending felony drug charge. The trial judge presiding over the underlying drug charge, however, subsequently granted a motion to quash that bill of information on September 2, 2011 based upon the prosecution’s violation of Mr. Marcelin’s statutory speedy trial rights. See La.C.Cr.P. art. 532(7); La.C.Cr.P. art 578 A(2).
|3In this case, Mr. Marcelin chose not to file a motion for a bill of particulars, requiring the district attorney to set forth “more specifically the nature and cause of the charge against the defendant.” La. C.Cr.P. art. 484. Mr. Marcelin instead filed a Motion to Quash Bill of Informa *430 tion in open court claiming that a “bill of particulars has shown a ground for quashing the indictment under [La.C.Cr.P. art.] 485.” La.C.Cr.P. art. 532(5); La.C.Cr.P. art. 536. Mr. Marcelin asserts that a motion for a bill of particulars was not necessary and that the trial court had the authority to consider the documents and evidence already contained in the court records pertaining to these alleged offenses when making its ruling.
The trial judge granted Mr. Marcelin’s motion to quash on September 9, 2011 after hearing the arguments of counsel and reviewing the documents already contained in the record regarding service of notice for the upcoming hearings. The district attorney timely moved for an appeal. See La.C.Cr.P. art. 912 B(l); La.C.Cr.P. art. 914 B(1).
II
In this Part, we turn our attention to the general precepts pertaining to the appellate review of a ruling granting a motion to quash.
A
A motion to quash is “a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.” State v. Carter, 11-0859, p. 3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182 (citing State v. Byrd, 96-2302, p. 18 (La.3/13/98), 708 So.2d 401, 411; State v. Rembert, 312 So.2d 282, 284 (La.1975)). See also State v. Clark, 12-1296, p. 3 (La.5/7/13), 117 So.3d 1246, 1249. “All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty’ and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” La.C.Cr.P. art. 531.
“All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” La.C.Cr.P. art. 537. The scope of permissible consideration by the trial court on a motion to quash an indictment or bill of information is similar to an exception of no cause of action in a civil suit. See State v. Schmolke, 12-0406, pp. 2-3 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298. See also State v. Gerstenberger, 260 La. 145, 255 So.2d 720, 723 (1971). Thus, “[a] judge’s consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings.” Schmolke, 12-0406 at p. 2, 108 So.3d at 298. This is because the question raised by a motion to quash is not of the factual guilt or innocence of the offense charged as that is an appropriate determination for the fact-finder at trial. See State v. Perez, 464 So.2d 737, 740 (La.1985). See also Byrd, 96-2302 at p. 18, 708 So.2d at 411; State v. Patterson, 301 So.2d 604, 604 (La.1974). Rather, the trial judge’s range of permissible actions is limited to those matters which do not go to the merits of the charge. See La.C.Cr.P. arts. 532-534. See also Rembert, 312 So.2d at 284.
While La.C.Cr.P. arts. 532 and 534 provide numerous grounds for motions to quash bills of information, their lists are merely illustrative and motions not based on the grounds therein should not be automatically denied. See State v. Tanner, 425 So.2d 760, 762 (La.1983); State v. Reaves, 376 So.2d 136, 137-138 (La.1979). In making the determination of whether a given issue is appropriate to raise in a motion to quash, a court should determine whether “it is a defense which, if successful, requires dismissal of the indictment [or bill of information] regardless of the merits of the charge ... and which by its nature must be available before trial.” Id. at 138. Should the given issue not fit this paradigm, the court need not consider the *431 issue any further, and may simply deny the motion to quash the bill of information or indictment. It is important to note, however, that the prosecution’s ability to meet its factual burden of proof at trial is a factual matter going to the merits of the charge and is not a sufficient ground to quash a bill of information. See State v. Masino, 214 La. 744, 38 So.2d 622, 623 (1949); State v. Rivers, 05-1121, pp. 5-6 (La.App. 4 Cir. 10/11/06), 942 So.2d 1176, 1179.
When considering a motion to quash, “the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” Schmolke, 12-0406 at p. 3, 108 So.3d at 298 (quoting State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103) (internal quotations omitted). Evidence may be adduced in a motion to quash and at the subsequent hearing on the matter. See Perez, 464 So.2d at 739. See also Byrd, 96-2302 at p. 18, 708 So.2d at 411. The sole purpose of this evidence, however, must not be to support a defense on the merits. Id., 96-2302 at pp. 18-19, 708 So.2d at 411. If the indictment, bill of information, and bill of particulars fail to inform the defendant adequately of the charges against him, the trial court may order the indictment or bill of information quashed. See State v. DeJesus, 94-0261, p. 4 (La.9/16/94), 642 So.2d 854, 855. See also State v. Dowl, 09-0989, p. 18 (La.App. 4 Cir. 5/12/10), 39 So.3d 754, 766. This scope of review is essential for a trial judge’s proper determination on a motion to quash under La.C.Cr.P. art 532(5), and emphasizes the important role that bills of particulars play in allowing judges to review whether the offense charged was committed by the defendant or whether there is another ground for quashing the bill of information. See La.C.Cr.P. art. 485.
B
In Franklin, we reversed a trial judge’s decision to grant a defendant’s motion to quash asserting a similar argument. See 13-0488 at p. 8, 126 So.3d at 668. In that case as here, the defendant did not ñle a motion for a bill of particulars, and instead filed a motion to quash contending that attached medical documents sufficed to show that his failure to appear at his hearing was not intentional. See id., 13-0488 at pp. 6-7, 126 So.3d at 667-668. We found that this evidence went to the merits of his defense that he lacked specific intent to commit bail jumping. Because such decisions are reserved to the fact-finder at trial, the defendant’s assertions were not sufficient grounds for the trial judge to quash the bill of information. See id., 13-0488 at p. 7, 126 So.3d at 668.
The decision by a trial judge to grant or deny this type of motion to quash is solely a question of law.[2] See Byrd, 96-2302 at p. 18, 708 So.2d at 411. Thus, we review the trial judge’s ruling on this motion to quash under a de novo standard. See State v. Hamdan, 12-1986, p. 6 (La.3/19/13), 112 So.3d 812, 816. See also Schmolke, 12-0406 at p. 4, 108 So.3d at 299. Under this standard of review, we do not defer to any factual findings made by the trial judge as those findings of fact *432 regarding the merits of the defense are unauthorized. See id.
Ill
As previously stated, Mr. Marce-lin did not fíle a motion for a bill of particulars under La.C.Cr.P. art. 484 prior to filing his Motion to Quash Bill of Information under La.C.Cr.P. arts. 532(5) and 485. Mr. Marcelin contends that his argument that the lack of notice in this case proves that his failure to appear was not intentional is proper for a motion to quash under La.C.Cr.P. arts. 532(5) and 485. Mr. Marcelin also asserts that a trial judge should not be required to consider a bill of particulars in making this decision, and that the bond document containing the address provided by the defendant, the court subpoenas containing the incorrect address, the court record showing the quashing of the bill of information from his underlying drug offense, and the bill of information for this case were evidentiarily sufficient.
First, Mr. Marcelin’s assertions go directly to the merits of the offense charged and as such exceed the permissible scope of a motion to quash. As previously stated, the crime of Jumping Bail requires the prosecution to prove that a defendant intentionally failed to appear at the date, time, and place as ordered by |sthe court before which the defendant’s ease is pending. See La. R.S. 14:110.1 A. Thus, the prosecution must prove that Mr. Marcelin had the specific intent to fail to appear at his hearing. “Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Notice of the hearing at which the defendant must appear pursuant to La.C.Cr.P. arts. 322 and 344 only creates a rebuttable presumption that the defendant received such notice. See La. R.S. 14:110.1 A. Whether Mr. Marcelin had notice of an upcoming hearing and acted with specific intent goes directly to the merits of this charge and is a question of fact to be determined by the fact-finder at trial.
Mr. Marcelin may have an excellent defense on the merits against this charge. Such considerations, however, do not support a ruling to quash a bill of information. By his rulings on a motion to quash, a trial judge may not encroach on the role of the fact-finder at trial. Our judicial system places the “control of every criminal prosecution instituted or pending in his district” in the district attorney, and allows for the district attorney to decide “whom, when, and how he shall prosecute.” La.C.Cr.P. art. 61. See also Perez, 464 So.2d at 744. Furthermore, we put great faith in our juries to determine the weight and credibility of evidence and to act as judge of the law and facts on the question of guilt and innocence. See La.C.Cr.P. art. 802. A trial judge is simply not authorized to decide a defendant’s guilt or innocence in pretrial summary proceedings.
19Second, Mr. Marcelin is incorrect in his assertion that a motion to quash under La.C.Cr.P. art. 532(5) and 485 does not require a prior motion for a bill of particulars. Both La.C.Cr.P. arts. 532(5) and 485 explicitly require that a “bill of particulars” show a ground for quashing this bill of information. Furthermore, the purpose of a bill of particulars is to require the district attorney to set “forth more specifically the nature and cause of the charge against the defendant.” La.C.Cr.P. art. 484. Bills of particulars also allow district attorneys to cure defects in their bills of information, indictments, or previous bills of particulars. See La.C.Cr.P. art. 485. It would be inappropriate to circumvent this clarifying procedural *433 mechanism and subsequently quash a bill of information for its lack of clarity.
CONCLUSION
By its ruling sustaining Mr. Marcelin’s motion to quash, the trial judge impermis-sibly decided a factual defense on the merits to the offense charged and erroneously granted relief to Mr. Marcelin.
DECREE
We reverse the trial judge’s ruling sustaining the motion to quash. The matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. A motion to quash "shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.” La.C.Cr.P. art. 536.

. By way of contrast, we apply an abuse of discretion standard in our review of certain other types of motions to quash under La. C.Cr.P. arts. 532 and 534. See, e.g., State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (Motion to quash based on Sixth Amendment speedy trial rights and the reinstitution of prosecution); State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673 n. 3(Motion to quash under La.C.Cr.P. art. 532(10)).