ROSEMARY LEDET, Judge.
| T This is a criminal case. The State of Louisiana seeks a review of the district court’s ruling granting Mervin Trepagnier’s motion to quash the amended bill of information charging him with unauthorized use of a movable valued at $500.00 or more. Because we find the trial court erred in granting Mr. Trepagnier’s motion to quash, we reverse and remand the case for further proceedings.

STATEMENT OF THE CASE

In March 2014, Mr. Trepagnier was charged by bill of information with one count of theft in an amount of five hundred dollars or more, a violation of La. R.S. 14:67 B(l). In April 2014, Mr. Trepagnier was arraigned and pled not guilty. In May 2014, the bill of information was amended to charge Mr. Trepagnier with one count of unauthorized use of a moveable in an amount of over five hundred dollars, a violation of La. R.S. 14:68 B. In June 2014, a preliminary hearing was held; and the district court found no probable cause. Also, in June 2014, Mr. Trepagnier filed a motion to quash based on La. C.Cr.P. art. 535(1), alleging that | ¡.the State failed to charge an offense punishable under a valid statute.[1] In July 2014, following a hearing, the trial court granted Mr. Trepagnier’s motion to quash. This appeal followed.

STATEMENT OF THE FACTS

The record before us is limited to certain pre-trial documents and the transcripts from the preliminary hearing and the hearing on the motion to quash. In the arrest warrant, New Orleans Police Officer (“NOPD”) Sabrina James attested to the following:
On October 2, 2013, the Regional Loss Prevention Specialist for Tire Kingdom, Store # 174 was dispatched to the location to investigate a loss in inventory. The Regional Loss Specialist learned that the store manager conducted a complete inventory on tires on June 10, 2013 and September 18, 2013 and discovered a large discrepanc[y] in the inventory. The inventory revealed 113 tires (various brands) totaling $15,428.05 missing from the store. The Regional *672 Loss Prevention Specialist conducted an internal investigation. During the investigation, one of the store employees, Mervin Trepagnier admitted to stealing 17 new tires from the location to sell and get money to fix his car. Trepagnier submitted a hand written statement to the Regional Loss Prevention Specialist admitting he stole the tires. The original statement was forwarded to the investigating detective to [be] placed as evidence at central evidence and property-
At the preliminary hearing, Officer James testified that the Regional Loss Prevention Specialist for Tire Kingdom, Dell Garner Jones, advised her that Mr. Trepagnier submitted a handwritten statement admitting to the theft, that Mr. | ^Trepagnier offered to pay for the tires, but Tire Kingdon determined, at that time, that it wanted to go ahead and proceed with the charges instead of getting restitution. Officer James further testified that on the day of the preliminary hearing she was advised that Mr. Trepagnier had paid Tire Kingdom some money, but she was unaware of the circumstances surrounding that payment.
At the preliminary hearing, defense counsel suggested that “when that statement [by Mr. Trepagnier] was made that Dell Garner Jones , on behalf of Tire Kingdom agreed that they would not prosecute in exchange for that statement.” At the end of the preliminary hearing, the district court commented that given Tire Kingdom had been paid the entire amount due for the tires, approximately $1,300.00, “this should not even be in this arena.” The trial court thus expressed its belief that this was a civil matter.
Following the preliminary hearing, Mr. Trepagnier filed a motion to quash. In his motion, he contended that restitution was agreed upon by, and paid in full to, Tire Kingdom. He states that on April 4, 2014, an agreement was perfected as to the amount of restitution owed, which was $1,321. He contended that this was the amount in dispute listed in the bill of information, and that “[a] manager of Tire Kingdom in New Orleans agreed that ‘restitution has been paid in full’ regarding the merchandise that is the subject of the present prosecution.” He thus contended that there was no basis for criminal charges since the civil obligation had been met.[2]
*673 [4At the hearing on the motion to quash, defense counsel argued that the parties all agreed for Mr. Trepagnier to pay restitution before the State filed charges against him. Defense counsel argued that “once the agreement becomes effective, it becomes a civil matter ... [I]t doesn’t remove jurisdiction completely, but it does make it a civil money matter, and of course this Court can enforce it.” Agreeing with defense counsel, the district court noted that “[a]ny money judgment from here for a case that originated in the Criminal Court is an enforceable judgment.” The district court then questioned whether Mr. Trepagnier had paid in full. Defense counsel replied in the affirmative and stated that “the witness signed his name next to that statement that the restitution had been paid in full.” Granting the motion to quash, the district court reasoned that “when they — the parties get together and start exchanging money, it becomes a civil matter.” Continuing, the district court stated:
I am quashing this case because the substance of the entire thing was a theft, and then it has been changed to an unauthorized use, | ¿but actually the parties in agreement was the victim and the defendant, and the defendant paid the party full restitution and so it should not now be a case.

DISCUSSION

The State’s sole assignment of error is that the district court abused its discretion in granting Mr. Trepagnier’s motion to quash. As noted, Mr. Trepagnier’s motion to quash was based on La. C.Cr.P. art. 535 A(l), which provides: “[t]he offense charged is not punishable under a valid statute.” The jurisprudence construing this provision has framed the standard of review as follows:
“[A] motion to quash an indictment is treated much like an exception of no cause of action in a civil suit; the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.” State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103. Additionally, the Louisiana Supreme Court in State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, noted the question becomes “whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute.” This Court noted in State v. Franklin, 13-0488, p. 6 (La.App. 4 Cir. 10/9/13), 126 So.3d 663, 668, that the trial court’s ruling on a motion to quash is solely a question of law. Thus, on appellate review the trial court’s ruling is subject to de novo review. Id. “Under this standard of review, we do not defer to any factual findings by the trial judge. This lack of deference is strongly rooted in the fact that any factual determinations by a trial judge during that time regarding the merits of any defense would be unauthorized.” Id. (citations omitted).
State v. Olivia, 13-0496, pp. 2-3 (La.App. 4 Cir. 3/26/14), 137 So.3d 752, 754.[3]
*674 | (¡Explaining the scope of a motion to quash, the Louisiana Supreme Court in State v. Advanced, Recycling, Inc., 2002-1889, pp. 9-10 (La.4/14/04), 870 So.2d 984, 989, stated:
As a general rule, a motion to quash “is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge.” State v. Perez, 464 So .2d 737, 789 (La.1985). The matter of “factual guilt or innocence of the offense charged is [therefore] not raised by the motion to quash.” Id., 464 So.2d at 740 (citations omitted). An exception exists for cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial. See State v. Legendre, 362 So.2d 570, 571 (La.1978) (quashing of bill of information for aggravated battery proper when state alleged that the dangerous weapon used was a concrete parking lot).
In this case, the amended bill of information charged Mr. Trepagnier with a -violation of La. R.S. 14:68, which provides: “[u]nauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently.” La. R.S. 14:68 A. “A person commits the crime of unauthorized use of a movable when he either takes or uses another’s property without the owner’s consent or by means of fraudulent practices.” State v. Williamson, 10-466, p. 12 (La.App. 5 Cir. 12/13/11), 81 So.3d 156, 164.
|7The State contends that the district court erroneously found that a private restitution agreement between the victim and the defendant transformed the charged criminal matter into a civil matter. In support, the States cites La.C.Cr. P. art. 61,[4] La.C.Cr.P. art. 381,[5] and La. R.S. 14:4[6] as providing it with the inherent *675 authority to file a bill of information and to prosecute a case regardless of whether a previous private restitution agreement has been entered into between the defendant and the victim.
Mr. Trepagnier counters that the district court correctly granted his motion to quash the bill of information because the private restitution agreement between him and the victim, allowing him to pay in full for the tires he had taken, resulted in the State being unable to prove an essential element of unauthorized use of a movable — that he took something belonging to another without the other’s consent. According to Mr. Trepagnier, the State is presented with the anomalous situation of prosecuting him for taking movables that he had agreed to purchase ^before any charges were filed and which he has paid for. He contends that this case involves a unique situation because Tire Kingdom, which is in the business of selling tires, agreed to this albeit unusual “business arrangement.” He contends that this unique situation is distinguishable from a defendant taking money from the cash register and then agreeing to repay it. Given the unique circumstances, he contends the private agreement between him and Tire Kingdom transformed what “might have been a criminal matter into a civil matter.” He thus contends that the trial court correctly granted the motion to quash on the ground that “the court relied on undisputed facts to reach the conclusion that the State cannot prove an essential element of the offense.”
Mr. Trepagnier’s position is that the district court correctly granted the motion to quash because the narrow exception recognized by the Louisiana Supreme Court in Legendre for cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial applies here. We find this argument erroneous unpersuasive for three reasons.
First, it is well-settled that a factual defense is not a sufficient ground to quash a bill of information.[7] Mr. Trepagnier’s argument is that the private restitution agreement precludes the State’s ability to establish an essential element |9of the offense — that he took something belonging to another without the other’s consent. *676 Whether Mr. Trepagnier took something— tires from Tire Kingdom — is a factual defense that is inappropriate for resolution on a motion to quash.
Second, a private restitution agreement does not preclude criminal prosecution. As a commentator has noted:
Since, by definition, a crime is a public wrong, i.e., a wrong against all the people of the State, it is ordinarily no defense that the individual injured by the crime condoned the offense. The condo-nation or settlement might bar the victim from recovering damages in a civil action against the defendant, but it would not prevent the State from prosecuting the defendant for the crime.
Charles E. Torcía, 1 WHARTON’S CRIMINAL LAW § 45 (15th ed.). Similarly, the nature of a criminal proceeding is codified in La.C.Cr.P. art. 381, which provides that “[a] criminal prosecution is brought in the name of the state ... for the purpose of bringing to punishment one who has violated a criminal law” and that “[t]he person injured by the commission of an offense is not a party to the criminal prosecution, and his rights are not affected thereby.”
In this casé, contrary to Mr. Trepagnier’s statement of the facts, Officer James testified that the Loss Prevention Specialist indicated to her that Tire Kingdom, at least initially, was unwilling to accept restitution and wanted to press charges. Before charges were filed, Tire Kingdom and Mr. Trepagnier entered into the private restitution agreement. Nonetheless, the private restitution agreement could not preclude the State from pursuing criminal charges. We thus find Mr. Trepagnier’s reliance on the private restitution agreement as a basis for quashing the bill of information misplaced.
|10Finally, the gist of the district court’s reasons for granting the motion to quash was its finding that the exchange of money between Tire Kingdom and Mr. Trepagnier, as a result of the private restitution agreement, transformed this matter into a civil case. This court has held that the fact a dispute can viewed as “civil” in nature is not a valid reason to grant a motion to quash.[8] Such is the case here. To the extent the district court relied on its classification of this case as a “civil matter” as a ground for granting the motion to quash it erred. Accordingly, we find the district court erred in granting Mr. Trepagnier’s motion to quash.

DECREE

For the foregoing reasons, the district court’s ruling granting the defendant’s motion to quash is reversed; and this matter *677 is remanded to the district court for further proceedings.
REVERSED AND REMANDED

. In his motion, Mr. Trepagnier also cited La.C.Cr.P. art. 895.1(2)(a), which provides that in a criminal case, when the defendant had "stipulated to the amount of restitution, cost, or fine ordered,” that "[t]he order to pay restitution together with any order to pay costs or fines, as provided in this Article, is deemed a civil money judgment in favor of the person to whom restitution, costs or fines is owed.” The State contends that Mr. Tre-pagnier's reliance on La.C.Cr.P. art. 895.1(2)(a) in support of its motion to quash was misplaced. The State points out that Article 895.1(2)(a) is applicable only in the post-conviction sentencing context. Mr. Tre-pagnier does not dispute this point on appeal.

. In his motion to quash, Mr. Trepagnier provided the following chronology of events:
• On October 2, 2013, Mr. Trepagnier and Del Gardner Jones, the State’s complaining witness, entered into a written agreement that Mr. Trepagnier would agree to pay back the full amount of money owed regarding the tires allegedly stolen in this case. This agreement was made and signed in the presence of NOPD Officer Charles Augustus, who properly declined to arrest or charge Mr. Trepagnier with a crime.
• On October 23, 2013, a different NOPD Detective [Officer James] obtained an arrest warrant for Mr. Trepagnier using the signed agreement made on October 2, 2013.
• On March 8, 2014, Mr. Trepagnier was arrested for theft regarding tires misappropriated from Tire Kingdom on Washington Avenue in New Orleans.
• On March 31, 2014, the State filed a bill of information in Case 519-712 charging Mr. Trepagnier with one count of theft between $500-$ 1,500, which was later amended to one count of Unauthorized Use of a [Moveable],
• On April 4, 2014, the October 2, 2013 agreement was perfected as to the amount of restitution owed in the amount of $1,321. A manager of Tire Kingdom agreed that “restitution has been paid in full” regarding the merchandise that is the subject of the present prosecution.
• On April 15, 2014, Mr. Trepagnier voluntarily appeared for arraignment.

. The standard of review that we apply in reviewing a district court’s ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented — such as in the present case involving a motion to quash under La.C.Cr.P. art. 535 A(1) for failure to charge an offense punishable under a valid statute—we apply a de novo standard of review. State v. Olivia, 13-0496, pp. 2-3 (La.App. 4 Cir. 3/26/14), 137 So.3d 752, 754; State v. Schmolke, 12-0406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 299; *674 see also State v. Hamdan, 12-1986, p. 6 (La.3/19/13), 112 So.3d 812, 816 (noting that "[o]n appeal from the trial court’s ruling on a motion to quash, the trial court’s legal findings are subject to a de novo standard of review”). In contrast, when mixed issues of fact and law are presented — such as speedy trial violations and nolle prosequi dismissal-reinstitution cases—we apply an abuse of discretion standard. State v. Hall, 13-0453, pp. 11-12 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing State v. Tran, 12-1219, p. 2 (La. App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3) (explaining that "[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion”); State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 ("[bjecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion”).

. La.C.Cr.P. art. 61 provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.

. La. C. Cr.Pi art. 381 provides:
A criminal prosecution is brought in the name of the State in a court of criminal jurisdiction, for the purpose of bringing to punishment one who has violated a criminal law.
The person injured by the commission of an offense is not a party to the criminal prosecution, and his rights are not affected thereby.

. La. R.S. 14:4 provides:
Prosecution may proceed under either provision, in the discretion of the district attorney, whenever an offender’s conduct is:
*675 (1) Criminal according to a general article of this Code or Section of this Chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or
(2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision.

. See State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401; State v. Masino, 214 La. 744, 749, 38 So.2d 622, 623 (1949) (holding that "[t]he fact that the defendants may have a good defense is not sufficient grounds to quash the indictment"); State v. Marcelin, 13-0893, p. 8 (La.App. 4 Cir. 12/18/13), 131 So.3d 427, 431 (holding that the prosecution's ability to satisfy its burden of proof at trial is a factual issue going to the merits of the charge and thus is an insufficient ground to quash a bill of information); State v. Carter, 11-0859, p. 3 (La. App. 4 Cir. 3/21/12), 88 So.3d 1181, 1183 (finding the defendant’s contention that the seized pills "tested negative for violation drugs” to be a factual defense that is not a proper basis for a motion to quash); State v. Fox, 09-1423, p. 6 (La.App. 4 Cir. 7/07/10), 43 So.3d 318, 321-22 (finding the trial court erred in granting a motion to quash based on the defense’s contention that the State presented no evidence to establish the defendant knew the seized vehicle was stolen since this was a defense on the merits and an improper basis for a motion to quash); State v. Billard, 03-319, p. 9 (La.App. 5 Cir. 7/29/03), 852 So.2d 1069, 1074 (finding the defendant’s motion to quash improperly raised factual questions of guilt or innocence).

. See State v. Brooks, 13-0540, p. 13 (La.App. 4 Cir. 9/18/13), 124 So.3d 1129, 1136 (noting that when "the district court granted the motion to quash, it stated for the record that the matter belonged in civil court, not criminal court” and reversing that ruling finding no valid ground to grant the motion to quash); Schmolke, 12-0406 at p. 8, 108 So.3d at 301 (noting that the district court's ruling granting the motion to quash was based on its finding that the "dispute here is purely civil” and reversing that ruling given that "[wjith-out a doubt, the trial judge’s reasons reflect a view that Mr. Schmolke has a defense on the merits. But, of course, the guilt or innocence of Mr. Schmolke was not before the trial judge on the motion to quash.”); State v. Severin, 12-0205, pp. 3-4 (La.App. 4 Cir. 10/17/12) (unpub.), 2012 WL 6619009 (holding that the district court erred when it quashed the bill of information on the grounds that the matter was civil in nature reasoning that “the jurisdiction of the district attorney to prosecute those who violate state criminal statutes is exclusive. It can only be constrained or curtailed when it operates to the prejudice of a contrary constitutional mandate, and even then, only with due deference to the district attorney’s constitutional prerogative”).