STATE OF LOUISIANA      *      NO. 2019-KA-0281

VERSUS      *

COLLEEN BROWN, ET AL      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 528-098, SECTION "J"
Honorable Darryl A. Derbigny, Judge

* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany
G. Chase)

Leon Cannizzaro, District Attorney
Donna Andrieu, Assistant District Attorney
Scott G. Vincent, Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 South White Street
New Orleans, LA 70119

       COUNSEL FOR APPELLANT/THE STATE OF LOUISIANA


Matthew S. Vogel
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue
Suite 700
New Orleans, LA 70119

Cesar R. Burgos
Robert J. Daigre
Gabriel O. Mondino
George M. McGregor
BURGOS & ASSOCIATES, L.L.C.
3535 Canal Street
New Orleans, LA 70119

COUNSEL FOR APPELLEES/DEFENDANTS

**REVERSED AND REMANDED**

**JULY 31, 2019**

This is a criminal appeal. The State of Louisiana seeks review of the district court's judgment granting the defendants' motion to quash. For the reasons that follow, we reverse and remand.

## BACKGROUND

On February 5, 2016, the State filed a bill of information jointly charging Colleen Brown, Joseph Livaccari, Tiffany Brown, and Chester Brown with one count of "commit[ing] insurance fraud by presenting a written or oral statement and/or conspiracy, knowing that such statement contained any false, incomplete, or fraudulent information concerning any fact or thing material to such claim," a violation of La. R.S. 22:1921, *et seq.* (the "Insurance Fraud Statute").[1] After arraignment, each of the defendants filed a motion to quash the bill of

---

[1] The bill of information also charged Colleen Brown individually with an additional count of insurance fraud and one count of failure to return leased movables, a violation of La. R.S. 14:220.1.

information.[2] Ultimately, the district court granted the motion.[3] This appeal followed.

## DISCUSSION

In its sole assignment of error, the State contends that the district court erred in granting the motion to quash. "A motion to quash is a mechanism whereby pre-trial pleas are urged, *i.e.*, pleas which do not go to the merits of the charge." *State v. Marcelin*, 13-0893, p. 3 (La. App. 4 Cir. 12/18/13), 131 So.3d 427, 430 (quotation marks omitted). "All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of 'not guilty' and of 'not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash." La. C.Cr.P. art. 531. The available grounds for a motion to quash are listed in La. C.Cr.P. art. 532 and 534. These lists, however, "are merely illustrative"; thus, "motions not based on the grounds therein should not be automatically denied." *Marcelin*, 13-0893, p. 4 (La. App. 4 Cir. 12/18/13), 131 So.3d at 430.

Although the defendants' motion to quash recited three grounds,[4] the motion, in substance, asserted only two grounds: (1) pursuant to La. C.Cr.P. art.

---

[2] The motions are substantively identical. For ease of discussion, we refer to the defendants' respective motions, collectively, as a single motion.

[3] Initially, the district court denied the motion. Subsequently, the defendants re-urged the motion, and the district court granted the motion.

[4] The motion to quash recited the following three grounds: (1) that "[o]ne of the two alleged [insurer] victims . . . denies it was a victim of the alleged crime; (2) that "[t]he other alleged [insurer] victim . . . [is] not a victim as no claim was ever made for insurance benefits by [the defendants]; and (3) that the district court "lacks jurisdiction over this litigation as La. R.S. 22:1925 contains civil and criminal provisions and, *assuming arg[u]endo*, the allegations against [the defendants] are true, would fall squarely within the civil provisions of La. R.S. 22:1925" and "[t]herefore, any claims against [the defendants] would only be proper in civil court."

532(2),[5] that the bill of information is deficient; and (2) pursuant to La. C.Cr.P. art. 532(8),[6] that the district court lacks jurisdiction over this case. We address each substantive ground separately.

**Deficiency**

Although the defendants cited La. C.Cr.P. art. 532(2), the motion to quash fails to identify any cognizable formal deficiency in the bill of information.[7] Nonetheless, the motion to quash asserts a substantive deficiency—that the bill of information fails to allege that any of the defendants ever presented an insurance claim to an insurer. This argument sounds not in La. C.Cr.P. art. 532(2) but in La. C.Cr.P. art. 485—also cited in the motion to quash—which provides, in relevant part, as follows:

> If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured.

*See State v. Legendre*, 362 So. 2d 570, 571 (La. 1978) (analyzing a substantive "deficiency" in the indictment under La. C.Cr.P. art. 485).

This court has discussed the framework for consideration of a motion to quash pursuant to La. C.Cr.P. art. 485 as follows:

> The scope of permissible consideration by the trial court on a motion to quash an indictment or bill of information is similar to an

---

[5] La. C.Cr.P. art. 532(2) provides that a motion to quash may be based on the ground that "[t]he indictment fails to conform to the requirements of [La. C.Cr.P. arts. 461, *et seq.*, and 466, *et seq.*].

[6] La. C.Cr.P. art. 532(8) provides that a motion to quash may be based on the ground that "[t]he court has no jurisdiction of the offense charged."

[7] A motion to quash must "specify distinctly the grounds on which it is based" and "[t]he court shall hear no objection based on grounds not stated in the motion." La. C.Cr.P. art. 536.

exception of no cause of action in a civil suit. Thus, a judge's consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings. This is because the question raised by a motion to quash is not of factual guilt or innocence of the offense charged, as that is an appropriate determination for the fact-finder at trial. Rather, the trial judge's range of permissible actions is limited to those matters which do not go to the merits of the charge.

* * *

When considering a motion to quash, the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged. Evidence may be adduced in a motion to quash and at the subsequent hearing on the matter. The sole purpose of this evidence, however, must not be to support a defense on the merits. If the indictment, bill of information, and/or bill of particulars fails to inform the defendant adequately of the charges against him, the trial court may order the indictment or bill of information quashed.

The decision by the trial court to grant or deny a motion to quash is solely a question of law. Thus, we review the trial judge's ruling in this case under a *de novo* standard. Under this standard of review, we do not defer to any factual findings by the trial judge. This lack of deference is strongly rooted in the fact that any factual determinations by a trial judge during that time regarding the merits of the defense would be unauthorized.

*State v. Franklin*, 13-0488, pp. 4-6 (La. App. 4 Cir. 10/9/13), 126 So.3d 663, 666-68 (citations, quotation marks, and alterations omitted); *see also Marcelin*, 13-0893, pp. 3-7, 131 So.3d at 430-32.

In this case, the defendants contend that information allegedly tendered by the State in the pre-trial discovery and additional evidence gathered by the defendants—all of which the defendants attached to the motion to quash—demonstrate that no insurance claim was ever filed by any of the defendants. Thus, they contend that the State can allege no set of facts that would demonstrate that any of the defendants committed insurance fraud. This argument fails for two reasons.

4

First, the argument relies on facts not recited in the bill of information or a bill of particulars. Under the plain language of La. C.Cr.P. art. 485, the only facts that are relevant to the consideration of a motion to quash, pursuant to La. C.Cr.P. art. 485, are those set forth in the bill of information or a bill of particulars. The documents attached to the motion to quash, purporting to establish that no defendants had presented an insurance claim to any insurer, were beyond the scope of a motion to quash under La. C.Cr.P. art. 485.[8] No defendant moved for a bill of particulars. Thus, the only relevant facts are those alleged in the bill of information, which charged the defendants with "commit[ing] insurance fraud by presenting a written or oral statement and/or conspiracy, knowing that such statement contained any false, incomplete, or fraudulent information concerning any fact or thing material to such claim." This language is sufficient to charge the defendants with a violation of the Insurance Fraud Statute.[9]

Second, the argument asserts a defense on the merits. "[I]t is well-settled that a factual defense [*i.e.*, a defense on the merits] is not a sufficient ground to quash a bill of information." *State v. Trepagnier*, 14-0808, p. 8 (La. App. 4 Cir.

---

[8] The defendants' allegation that no defendant presented an insurance claim to any insurer is belied by the documents attached to the motion to quash. As each defendant acknowledged in their respective motions to quash, the law enforcement agent who investigated this case testified, in an affidavit attached to the motion to quash, that Colleen Brown filed insurance claims with both State Farm Mutual Automobile Insurance Company and GEICO Choice Insurance Company.

[9] *See* La. R.S. 22:1924(A)(2)(c) (making it a crime to "[a]ssist[], abet[], solicit[], or conspir[e] with another to prepare or make any written or oral statement that is intended to be presented to any insurance company, insured, the Department of Insurance, or other party in interest or third-party claimant in connection with, or in support of or denial, or any claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim or insurance policy").

11/19/14), 154 So.3d 670, 675.[10] It is similarly well-settled that the assertion the

State will not be able to carry its burden of proof at trial is a defense on the

merits.[11] In this case, the motion to quash alleged and attached evidence purporting

to establish that no defendant presented an insurance claim to any insurer; and, on

the basis of that allegation, the motion to quash asserted that the State would not be

able to carry its burden of proof at trial. This assertion constitutes a factual defense

on the merits and was, thus, not a proper ground for a motion to quash.[12]

---

[10] *See also State v. Byrd*, 96-2302 (La.3/13/98), 708 So.2d 401; *State v. Masino*, 214 La. 744, 749, 38 So.2d 622, 623 (1949) (holding that "[t]he fact that the defendants may have a good defense is not sufficient grounds to quash the indictment"); *State v. Marcelin*, 13-0893, p. 8 (La. App. 4 Cir. 12/18/13), 131 So.3d 427, 431 (holding that the prosecution's ability to satisfy its burden of proof at trial is a factual issue going to the merits of the charge and thus is an insufficient ground to quash a bill of information); *State v. Carter*, 11-0859, p. 3 (La. App. 4 Cir. 3/21/12), 88 So.3d 1181, 1183 (finding the defendant's contention that the seized pills "tested negative for violation drugs" to be a factual defense that is not a proper basis for a motion to quash); *State v. Fox*, 09-1423, p. 6 (La. App. 4 Cir. 7/07/10), 43 So.3d 318, 321-22 (finding the trial court erred in granting a motion to quash based on the defense's contention that the State presented no evidence to establish the defendant knew the seized vehicle was stolen since this was a defense on the merits and an improper basis for a motion to quash); *State v. Billard*, 03-319, p. 9 (La. App. 5 Cir. 7/29/03), 852 So.2d 1069, 1074 (finding the defendant's motion to quash improperly raised factual questions of guilt or innocence).

[11] This argument is to be contrasted with the assertion that the facts—as alleged in the bill of information or a bill of particulars—do not constitute a crime. *See, e.g.*, *Legendre*, *supra* (holding that, where the indictment charged the defendant with the crime of battery with a dangerous weapon and where the State alleged in a bill of particulars that the dangerous weapon was "Concrete on Parking Lot," the State had failed to charge a crime because a concrete parking lot is not, as a matter of law, a dangerous weapon).

[12] This defense is questionable as a matter of law. The Insurance Fraud Statute may be violated in numerous ways; and not every violation of the Insurance Fraud Statute requires that a fraudulent insurance claim has been actually presented to an insurer. For example, La. R.S. 22:1925 makes it a crime, when done "with an intent to injure, defraud, or deceive any insurance company," to "[e]ngage in any of the actions or activities described in R.S. 22:1924," which includes "conspiring with another to prepare or make any written or oral statement that is intended to be presented to any insurance company, insured, the Department of Insurance, or other party in interest or third-party claimant in connection with, or in support of or denial, or any claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim or insurance policy. Conspiracy is an inchoate offense, complete upon agreement to commit a crime and an act in furtherance , which may be—but need not in every case be—the presentation of an insurance claim to an insurer. *See* La. R.S. 14:26(A).

Accordingly, the first substantive ground set forth in the defendants' motion to quash is unpersuasive; and, to the extent the district court granted the motion on this ground, the district court erred.

**Jurisdiction**

The motion to quash asserted that, "since the investigation conducted by [law enforcement] simply relied on the investigation conducted by insurance companies, the allegations cannot be prosecuted by the State"; that the "allegations [set forth in the bill of information] can only be prosecuted civilly by the alleged victim insurance companies because they conducted the investigation"; and that, "[t]hus, the trial court has no jurisdiction over this matter."[13] This is an argument addressing the district court's subject matter jurisdiction. A district court's judgment on a motion to quash asserting a lack of subject matter jurisdiction is reviewed *de novo*. *See State v. Wells*, 18-0765, pp. 7-8 (La. App. 4 Cir. 12/19/18), 262 So.3d 294, 299 (applying a *de novo* standard of review to a judgment finding a lack of subject matter jurisdiction).

In support of this jurisdictional argument, the motion to quash cited La. R.S. 22:1925(B), which provides that "[t]he criminal provisions of the [Insurance Fraud Statute] shall be investigated, enforced, or prosecuted only by the proper law enforcement and prosecutorial agencies." The defendants, however, cite no authority for the proposition that a law enforcement investigation that relies on

---

[13] The State's response to the motion to quash and its brief to this court reflect that the State understood the motion to argue that, "because the punitive provisions of [the Insurance Fraud Statute] are both civil as well as criminal[, the district court was] thereby divested of jurisdiction." On appeal, the defendants expressly—and correctly—disclaim this argument. *Cf. State v. Trepagnier*, 14-0808, p. 10 (La. App. 4 Cir. 11/19/14), 154 So.3d 670, 676 (observing that "[t]his court has held that the fact a dispute can viewed as 'civil' in nature is not a valid reason to grant a motion to quash").

7

information initially obtained by an insurer deprives a district court of criminal jurisdiction.

To the contrary, the statutory framework governing insurance fraud investigations belies the defendants' argument. Louisiana has established several distinct agencies to address violations of the Insurance Fraud Statute, including the Division of Insurance Fraud, within the Department of Insurance, which is responsible for the investigation of civil violations of the Insurance Fraud Statute[14]; and the Insurance Fraud Investigation Unit, within the Department of Public Safety and Corrections (Office of State Police), which is responsible for the investigation of criminal violations of the Insurance Fraud Statute.[15]

The Insurance Fraud Statute requires that the Division of Insurance Fraud, which handles civil violations, "shall report any alleged violations of law which its investigations disclose" to the Insurance Fraud Investigation Unit, which handles criminal violations. La. R.S. 22:1926(B). Importantly, the Insurance Fraud Statute also requires that "[t]hese units shall work jointly on criminal referrals." *Id.*

---

[14] La. R.S. 36:691.1 (providing that "[t]here is hereby created a division of insurance fraud in the Department of Insurance that shall be under the direction of the deputy commissioner for insurance fraud" and that "[t]he duties and functions of the division of insurance fraud and the deputy commissioner for insurance fraud shall be the investigation of alleged administrative or civil fraudulent insurance acts, other administrative or civil violations of the insurance laws of this state, executive security, and such additional duties and functions as assigned by the commissioner").

[15] La. R.S. 40:1422(A) (providing that "[t]here is hereby created an insurance fraud investigation unit in the Department of Public Safety and Corrections, public safety services, office of state police"; that "the unit shall be solely dedicated to the investigation of property and casualty, worker's compensation, life, and health insurance fraud"; that [t]he purposes of this unit shall be to . . . (1) [i]nitiate independent inquiries and conduct independent investigations into allegations of insurance fraud in any municipality or parish of the state of Louisiana and perform other related law enforcement duties[;] (2) [r]espond to notification or complaints alleging insurance fraud generated by federal, state, and local police, other law enforcement authorities, governmental agencies or units, and any other person[; and] (3) [r]eview notices and reports of insurance fraud, select the incidents of suspected fraud that, in its judgment, require further detailed investigation, and conduct the investigations." As the affidavit attached to the defendants' motion to quash attests, the law enforcement agent who investigated this case was a State Police Trooper assigned to the Insurance Fraud Investigation Unit.

Additionally, La. R.S. 40:1423(B)—which provides that the Insurance Fraud Investigation Unit "is authorized to request access to evidence, documentation, and related materials located within this state pertinent to an investigation or examination and in the possession or control of an insurer or an insurance professional"—expressly confers authority on the Insurance Fraud Investigation Unit to obtain and incorporate into a criminal investigation information privately obtained by insurance companies.

Accordingly, the second substantive ground set forth in the defendants' motion to quash is unpersuasive; and, to the extent the district court granted the motion on this ground, the district court erred.

## DECREE

For the foregoing reasons, the district court's judgment is reversed; and this matter is remanded for further proceedings.

**REVERSED AND REMANDED**