**STATE OF LOUISIANA**          *          **NO. 2024-KA-0471**

**VERSUS**               *

                        **COURT OF APPEAL**

**MERLIN P. DEJEAN**        *

                        **FOURTH CIRCUIT**

               *

                        **STATE OF LOUISIANA**

               * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 549-664, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge
Dale N. Atkins)

Jason Rogers Williams, District Attorney
Brad Scott, Assistant District Attorney, Chief of Appeals
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLANT, State of Louisiana

Christopher A. Aberle
LOUISIANA APPELLATE PROJECT
P.O. Box 8583
Mandeville, LA 70470-8583

      COUNSEL FOR DEFENDANT/APPELLEE, Merlin P. Dejean

                           **VACATED AND REMANDED**
                           **OCTOBER 18, 2024**

DNA

DLD

JCL

This is a criminal matter. Appellant, the State of Louisiana ("State"), appeals the district court's April 17, 2023 judgment, which granted the Motion to Quash filed by Appellee, Merlin P. Dejean ("Mr. Dejean").[1]  After a review of the record before this Court and the applicable law, we find the district court erred in granting Mr. Dejean's Motion to Quash.  Therefore, we vacate the district court's judgment and remand this matter to the district court for further proceedings consistent with this Opinion.

## STATEMENT OF THE CASE[2]

On August 19, 2020, the State filed a bill of information which charged Mr. Dejean with having committed aggravated battery with a dangerous weapon (a baseball bat) on February 11, 2020,[3] in violation of La. R.S. 14:34.[4] At his

---

[1] The spelling "DeJean" (i.e., with a capital "J") also appears in the record. Because his appellee brief utilized the spelling "Dejean," we will also use the spelling "Dejean" for Mr. Dejean's name.

[2] At the outset, we note that when the district court rendered its April 17, 2023 judgment, this case was still in the pre-trial phase; so the record before this Court is limited to pre-trial documents and a transcript from the hearing on Mr. Dejean's Motion to Quash.

[3] The facts of the underlying offense are not pertinent to the issue on appeal.

[4] Louisiana Revised Statutes 14:34 provides, in pertinent part:

1

arraignment on December 1, 2020, Mr. Dejean appeared and pled not guilty to the charge. After numerous joint continuances of hearings on motions delayed the trial proceedings, on August 8, 2022, Mr. Dejean waived all motions. Ultimately, the district court set April 17, 2023, as the trial date.

On the date of trial, April 17, 2023, Mr. Dejean filed his Motion to Quash. Therein, Mr. Dejean contended that the district court should grant his Motion to Quash pursuant to La. C.Cr.P. art. 532 because "[t]he complaining witness [alleged victim] [was] not present for trial" and "[t]here [were] no [other] witnesses." Mr. Dejean further stated that the district court should grant his Motion to Quash because there was "no video of the allegation." The district court held a hearing on Mr. Dejean's Motion to Quash that same day, whereupon the following colloquy occurred:

> [COUNSEL FOR MR. DEJEAN]:
> [T]he State simply [cannot] prove that [Mr. Dejean] hit first and [that is] all that matters for this charge. So I simply [do not] believe that [there is] enough evidence to proceed prosecuting my client given that there is no witness here.
>
> [COUNSEL FOR THE STATE]:
> Judge, the State firmly disagrees. We do believe [there is] enough to put this in front of a jury. The question is whether or not —
>
> BY THE COURT:
> But you [do not] even have a victim.
>
> [COUNSEL FOR THE STATE]:
> Which does not matter, Judge.
>
> BY THE COURT:

---

A. Aggravated battery is a battery committed with a dangerous weapon.

B. Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.

Yeah, it does matter, sir.

[COUNSEL FOR THE STATE]:
Judge, we believe that there is ample evidence indicating not only was the defendant not acting in self[-]defense, but that he lied to officers.

BY THE COURT:
[Counsel], I get all of that. I get all of that. I understand all of that. You [do not] have a victim, man.

. . . .

[COUNSEL FOR THE STATE]:
Judge, please note the State's objection. This case has ample interviews with the defendant in which he indicates that he got into the altercation with the victim. No evidence corroborating his story, as well as signs of the injuries inflicted were utilized with a dangerous weapon.

In addition to orally granting Mr. Dejean's Motion to Quash during the hearing, the district court also signed a judgment granting same on April 17, 2023. The State's timely appeal followed.

## ASSIGNMENT OF ERROR[5]

In its brief to this Court, the State asserts that the district court erred in granting Mr. Dejean's Motion to Quash because the district court "decided that the State had insufficient evidence to convict prior to allowing a jury to hear all of the evidence at a trial," which ruling was "in direct contradiction to the established law and usurps the power of the jury." The State further argues that "[w]hen the sufficiency of the evidence to convict is in dispute a trial court cannot grant a motion to quash under [La. C.Cr.P. art.] 532(1)." In his brief to this Court, Mr. Dejean "concedes that the district court erred in granting [his] [M]otion to [Q]uash, where such motion and ruling was based solely on an assessment of the sufficiency

---

[5] We note that the State did not label any section of its brief as "Assignment(s) of Error," so we have summarized the argument contained in the State's brief for this section of our Opinion.

3

of the evidence." Before turning to the merits, we begin with the standard of review.

## STANDARD OF REVIEW

As this Court has previously explained, when a district court considers a motion to quash, it "must accept as true the facts contained in the bill of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged." *State v. Barnes*, 2020-0494, p. 3 (La. App. 4 Cir. 1/27/21), 313 So.3d 401, 403 (quoting *State v. Landry*, 2013-1030, p. 4 (La. App. 4 Cir. 5/7/14), 144 So.3d 1078, 1081). As a result, a district court's "decision on a motion to quash is based strictly on legal issues." *Id.* (citing *State v. Hall*, 2013-0453, p. 11 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 38-39). Therefore, an appellate court reviews a district court's decision to grant or deny a motion to quash under the *de novo* standard of review. *Id.*

## DISCUSSION

The sole issue presented on appeal is whether the district court erred in granting Mr. Dejean's Motion to Quash. Louisiana Code of Criminal Procedure Article 531 is titled "Motion to quash; nature of motion." It provides that "[a]ll pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of 'not guilty' and of 'not guilty and not guilty by reason of insanity,' shall be urged by a motion to quash." La. C.Cr.P. art. 531. Louisiana Code of Criminal Procedure Articles 532[6] and 534[7] provide numerous grounds for quashing a bill of

---

[6] Louisiana Code of Criminal Procedure Article 532 states:

A motion to quash may be based on one or more of the following grounds:

(1) The indictment fails to charge an offense which is punishable under a valid statute.

4

information. However, this Court has cautioned that the lists in La. C.Cr.P. arts. 532 and 534 "are merely illustrative and motions not based on the grounds therein should not be automatically denied." *State v. Marcelin*, 2013-0893, pp. 4-5 (La.

---

(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII.1 In such case the court may permit the district attorney to amend the indictment to correct the defect.

(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.

(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.

(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.

(6) Trial for the offense charged would constitute double jeopardy.

(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.

(8) The court has no jurisdiction of the offense charged.

(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

[7] Louisiana Code of Criminal Procedure Article 534 provides:

A motion to quash an information may also be based on one or more of the following grounds:

(1) The information was not signed by the district attorney; or was not properly filed.

(2) The offense is not one for which prosecution can be instituted by an information.

App. 4 Cir. 12/18/13), 131 So.3d 427, 430 (first citing *State v. Tanner*, 425 So.2d 760, 762 (La. 1983); and then citing *State v. Reaves*, 376 So.2d 136, 137-138 (La. 1979)).

In discussing La. C.Cr.P. art. 531, this Court has previously explained that a motion to quash constitutes "a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge." *Barnes*, 2020-0494, p. 3, 313 So.3d at 403 (quoting *Marcelin*, 2013-0893, p. 3, 131 So.3d at 430). In *Marcelin* this Court further explained certain well-settled principles regarding motions to quash:

> "All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury." La.C.Cr.P. art. 537. The scope of permissible consideration by the [district] court on a motion to quash an indictment or bill of information is similar to an exception of no cause of action in a civil suit. *See State v. Schmolke*, [20]12-0406, pp. 2-3 (La. App. 4 Cir. 1/16/13), 108 So.3d 296, 298. *See also State v. Gerstenberger*, 260 La. 145, 255 So.2d 720, 723 (1971). Thus, "[a] judge's consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings." *Schmolke*, [20]12-0406 at p. 2, 108 So.3d at 298. This is because the question raised by a motion to quash is not of the factual guilt or innocence of the offense charged as that is an appropriate determination for the fact-finder at trial. *See State v. Perez*, 464 So.2d 737, 740 (La. 1985). *See also [State v.] Byrd*, [19]96-2302[,] p. 18, [(La. 3/13/98),] 708 So.2d [401,] 411; *State v. Patterson*, 301 So.2d 604, 604 (La. 1974). *Rather, the [district] judge's range of permissible actions is limited to those matters which do not go to the merits of the charge. See* La.C.Cr.P. arts. 532-534. *See also [State v.] Rembert*, 312 So.2d [282,] 284 [(La. 1975)].

2013-0893, p. 4, 131 So.3d at 430 (emphasis added). That is, when a district court considers a motion to quash, it must determine if the motion presents "a defense which, if successful, requires dismissal of the indictment [or bill of information] regardless of the merits of the charge . . . and which by its nature must be available before trial." *Id.* at p. 5, 131 So.3d at 430 (quoting *State v. Reaves*, 376 So.2d 136,

6

138). If the motion to quash does not present such a defense, then the district court should "not consider the issue any further" but rather "deny the motion to quash the bill of information or indictment." *Id.* at p. 5, 131 So.3d at 430-31. In *Marcelin*, this Court also emphasized "that the prosecution's ability to meet its factual burden of proof at trial is a factual matter going to the merits of the charge and is not a sufficient ground to quash a bill of information." *Id.* at p. 5, 131 So.3d at 431 (first citing *State v. Masino*, 214 La. 744, 38 So.2d 622, 623 (1949); and then citing *State v. Rivers*, 2005-1121, pp. 5-6 (La. App. 4 Cir. 10/11/06), 942 So.2d 1176, 1179). This is because "a [district court] judge may not encroach on the role of the fact-finder at trial," and a district court "judge is simply not authorized to decide a defendant's guilt or innocence in pretrial summary proceedings." *Id.* at p. 8, 131 So.3d at 432. Thus, while a defendant "may have an excellent defense on the merits against [the] charge" filed against him, "[s]uch considerations . . . do not support a ruling to quash a bill of information." *Id.*

As previously stated, Mr. Dejean's Motion to Quash was based on the grounds that the complaining witness, i.e., the victim, was unavailable for trial; that there were no other witnesses; and that there was no video footage of the evidence. In orally arguing the Motion to Quash, counsel for Mr. Dejean contended that "[t]he State simply [cannot] prove that [Mr. Dejean] hit first and [that is] all that matters for this charge" and that there was not "enough evidence to proceed prosecuting [Mr. Dejean] given that" no witness was present for trial. As such, and as conceded by counsel for Mr. Dejean in his brief, his Motion to Quash was based on a sufficiency of the evidence argument. Insufficiency of the evidence is not listed as a ground for quashing a bill of information under either La. C.Cr.P. art. 532 or 534. Moreover, Mr. Dejean's assertions in his Motion to Quash go directly

7

to the merits of the offense charged. The district court's acceptance of Mr. Dejean's argument exceeded the scope of review authorized in considering a motion to quash: the State's ability to meet its factual burden of proof at trial was a factual matter going to the merits of the charge, yet the district court was limited to ruling on matters which did not go to the merits of the charge. By granting Mr. Dejean's Motion to Quash, the district court encroached on the role of the fact-finder at trial, thereby ruling Mr. Dejean innocent in a pretrial summary proceeding. Further, if we "accept as true the facts contained in the bill of information . . . [to] determine as a matter of law and from the face of the pleadings, whether a crime has been charged" as a court should when ruling on a motion to quash, we find that the bill of information filed by the State against Mr. Dejean charges him with the crime of aggravated battery punishable under La. R.S. 14:34. *Barnes*, 2020-0494, p. 3, 313 So.3d at 403 (quoting *Landry*, 2013-1030, p. 4, 144 So.3d at 1081). Therefore, in light of our above *de novo* review, we conclude that the district court legally erred in granting Mr. Dejean's Motion to Quash; we vacate the April 17, 2023 judgment; and we remand this matter for further proceedings.

## DECREE

For the foregoing reasons, we vacate the district court's April 17, 2023 ruling, which granted Mr. Dejean's motion to quash. We remand this matter for further proceedings consistent with this Opinion.

**VACATED AND REMANDED**