A99A1169. DAVIS v. THE STATE.
(521 SE2d 368)

McMURRAY, Presiding Judge.

A jury found defendant guilty of armed robbery (Count 2) and possession of a firearm during the commission of a crime (Count 3). This appeal follows the trial court's grant of defendant's motion to withdraw his motion for new trial. *Held*:

1. Defendant first contends that the trial court erred in "violating the rule of sequestration when counsel requested the investigator be made to testify first or give a reason why he should not. . . ."

Trial counsel timely invoked the rule of sequestration. Thereafter, the State's attorney sought leave of court to "allow Lieutenant Mahlon Donald to sit in here with me . . . [as] the primary investigator on the case. And I need him for presentation of the State's case."

OCGA § 24-9-61, regarding the sequestration of witnesses, "confers upon the party making such request an absolute right, subject only to the sound discretion of the trial judge in permitting one or more witnesses to remain in the courtroom to advise the opposite party in the presentation of his case. [Cit.]" (Punctuation omitted.) *Johnson v. State*, 198 Ga. App. 316 (4) (401 SE2d 331).

> It has long been the law in this State that where the trial court exercises its discretion in allowing a police officer who is the nominal prosecutor to remain in the courtroom based on the district attorney's statement that such officer's presence is necessary for the orderly presentation of the State's case, the discretion of the court in allowing him to remain will not be disturbed. *Davis v. State*, 225 Ga. App. 564, 569 (6) (484 SE2d 284) (1997); *Howard v. State*, 144 Ga. App. 31 (240 SE2d 589) (1977).

*Williams v. State*, 233 Ga. App. 70, 72 (3) (503 SE2d 324).

In the case sub judice, the trial court did not abuse its broad discretion in permitting the State's witness to sit at counsel's table before testifying.

2. Defendant challenges his sentence to life without parole as a denial of due process. He contends that his status as a first offender at the time he was sentenced foreclosed sentencing him as a recidivist with a record of a second conviction for a serious violent felony under OCGA § 17-10-7 (b). We disagree.

The State introduced evidence that defendant received first offender status for armed robbery and possession of a firearm during the commission of a crime on March 11, 1991. As a first offender, defendant was sentenced to confinement in the state penal system with ten years to serve, five years as to Count 1 (armed robbery), and five years as to Count 2 (possession of a firearm during the commission of a crime), "each count to run concurrent" and "upon service of Five years of the [foregoing] sentence, the remainder of [the] Sentence may be served on probation." Defendant was sentenced in the case sub judice on September 25, 1997.

A prior first offender record may be used to sentence a defendant as a recidivist for a later crime except where the conditions of probation attendant to such record have already been fulfilled so that the defendant has been discharged without an adjudication of guilt pursuant to OCGA § 42-8-62 (a). *Scott v. State*, 216 Ga. App. 692, 694 (4) (455 SE2d 609).

Here, defendant's eligibility for discharge as a first offender could not have arisen until March 11, 2001, and then, only upon satisfaction of the conditions of probation. One of the general terms of probation is that the probationer "[v]iolate no local, state, or federal laws." OCGA § 42-8-35 (11). Defendant's subsequent conviction for armed robbery rendered him ineligible for the discharge contemplated by OCGA § 42-8-62 (a). Consequently, in the case sub judice, he was properly sentenced as a recidivist with a record of a second conviction for a serious violent felony. It follows that defendant's sentence to life without parole under OCGA § 17-10-7 (b) was proper and did not amount to a denial of due process.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 26, 1999

*Lloyd W. Walker*, for appellant.
*William T. McBroom III, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.