## S99G1723. DAVIS v. THE STATE.
### (537 SE2d 663)

HINES, Justice.

This Court granted certiorari to the Court of Appeals to consider whether a criminal defendant who is on first offender probation that has not been discharged or revoked can be sentenced as a recidivist under OCGA § 17-10-7 (b) (2) when he is subsequently convicted of a violent felony. In this case, both the trial court and the Court of Appeals determined that Davis could be so sentenced. See *Davis v. State*, 239 Ga. App. 318 (521 SE2d 368) (1999). For the reasons that follow, we reverse.

In 1991, Davis was sentenced as a first offender for armed robbery and possession of a firearm during the commission of a crime. See OCGA § 42-8-60 et seq. His eligibility for discharge of his first offender's probation would not arise until 2001. In 1997, he was convicted on charges of armed robbery and possession of a firearm during the commission of a crime; these charges were unrelated to the acts underlying the 1991 charges, and occurred during the period of his first offender probation. The court sentenced Davis to life without parole under the provisions of OCGA § 17-10-7 (b) (2), which states in pertinent part:

Any person who has been convicted of a serious violent felony in this state or who has been convicted under the laws of any other state or of the United States of a crime which if committed in this state would be a serious violent felony and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is

not sentenced to death shall be sentenced to imprisonment for life without parole.

Davis contends that his 1991 guilty pleas to armed robbery and possession of a firearm during the commission of a crime cannot serve as a basis for sentencing under OCGA § 17-10-7 (b) (2) because he did not stand "convicted" on those charges. That is correct.

"A first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia (OCGA § 16-1-3 (4)). . . ." *Davis v. State*, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998). See also *Priest v. State*, 261 Ga. 651, 652 (2) (409 SE2d 657) (1991). Criminal statutes must be strictly construed against the State. *Fleming v. State,* 271 Ga. 587, 590 (523 SE2d 315) (1999). For a defendant to be sentenced as a recidivist under OCGA § 17-10-7 (b) (2), after a first "conviction" for a violent felony, he must be convicted of a subsequent violent felony. Under the first offender statute, until an adjudication of guilt is entered, there is no conviction. See *Davis*, supra. Therefore, Davis was not convicted in 1991.

The Court of Appeals cited *Scott v. State*, 216 Ga. App. 692, 694 (4) (455 SE2d 609) (1995), for the proposition that "[a] prior first offender record may be used to sentence a defendant as a recidivist for a later crime except where the conditions of probation attendant to such record have already been fulfilled so that the defendant has been discharged without an adjudication of guilt pursuant to OCGA § 42-8-62 (a)." *Davis*, 239 Ga. App. at 319 (2). However, the Court of Appeals misreads *Scott*. In that case, the first offender probation had been completed and Scott had been discharged. The opinion properly held that the first offender guilty plea was inadmissible in aggravation, just as it would be to show that Scott was a recidivist; the opinion is silent as to any application of a first offender guilty plea to a recidivist sentence when the first offender probation has been neither revoked nor completed.

The fact that Davis was convicted in 1997 does not automatically change the nature of his 1991 first offender treatment. "There is no provision for revocation of first offender status by operation of law." *Brantley v. State*, 242 Ga. App. 85, 88 (2) (528 SE2d 264) (2000). The statutory scheme grants first offender probation status and eventually the probation is either revoked or it is discharged; unless it is revoked, there is no conviction. Revocation of the first offender probation status is necessary to constitute a "conviction" under OCGA § 17-10-7 (b) (2), and that did not occur here. The subsequent conviction does not necessarily result in a revocation of Davis's probation status. Upon a violation of a first offender's terms of probation, the trial court "may" enter an adjudication of guilt; it is not obliged to do so. OCGA § 42-8-60 (b). See *Bliss v. State*, 244 Ga. App. 160 (535

SE2d 251) (2000), formulating a rule for the exercise of that discretion. In fact, despite the later conviction, failure of the State to initiate any revocation proceedings against Davis, and failure of the court to revoke the probation, would result in Davis's completion of the probationary period, and his discharge from probation. See *State v. Mills*, 268 Ga. 873, 874-875 (495 SE2d 1) (1998).*

Under the first offender statute, the case "has, in effect, been suspended" during the period of probation. *State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974); *State v. Boyd*, 189 Ga. App. 617, 618 (377 SE2d 11) (1988). Davis's 1991 first offender probation had not been revoked prior to his 1997 convictions, and therefore had not become convictions. Compare *Daniels v. State*, 271 Ga. 167 (517 SE2d 66) (1999). Thus, in 1997, he had not previously been convicted of a violent crime and could not be sentenced as a recidivist under OCGA § 17-10-7 (b) (2).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 23, 2000.

*Lloyd W. Walker,* for appellant.

*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney,* for appellee.

---

* The State notes that OCGA § 42-8-65 (b) provides that "[t]he records of the Georgia Crime Information Center shall be modified, without a court order, to show a conviction in lieu of treatment as a first offender under this article whenever the conviction of a person for another crime during the term of probation is reported to the Georgia Crime Information Center." However, such an administrative action is not a conviction. "Only a court that imposed first offender probation has authority to revoke that status; it is the only legal authority that can formally adjudicate the offender. [Cit.]" *McKinney v. State*, 240 Ga. App. 812, 813 (1) (525 SE2d 395) (1999).