JAMES F. McKAY III, Chief Judge.
LThe State appeals the trial court’s judgment granting Wayne Landry’s motion to quash the bill of information. After a review of the record, we find that the trial court erred in granting the defendant’s motion to quash. Therefore, we reverse, vacate the judgment, and remand the matter to the trial court for further proceedings consistent with this opinion.
PROCEDURAL AND FACTUAL BACKGROUND
The record before this Court is limited to pre-trial documents and transcripts *1080 from the hearings on the motion to quash the bill of information.
On October 13, 2010, the State of Louisiana charged the defendant, Wayne Landry, via a bill of information, with one count of issuing a worthless check to Louis Harding in the amount of five hundred dollars or more. See La. R.S. 14:71. He was arraigned on July 11, 2011, and entered a plea of not guilty. On December 10, 2012, the defendant filed a motion to quash the bill of information and memorandum in support of his motion asserting that that there is no evidence to show that he stole anything of value from Louis Harding and that the matter is civil in nature. On February 22, 2013, a hearing was held, and the trial court granted the defendant’s motion to quash. On May 21, 2013, the trial court reversed its 12previous ruling, which had granted the defendant’s December 10, 2012 motion to quash, and the State amended the bill of information from charging the defendant with issuing a worthless check to charging him with theft in the amount of five hundred dollars ($500.00) or more. See La. R.S. 14:67(B)(2). The defendant re-urged the motion to quash, based on the amended bill of information, incorporating his prior arguments. The trial court again granted the defendant’s motion to quash the bill of information.
In his appellant brief the defendant accepted the State’s recitation of the statement of the case. The alleged facts and accusations in the underlying criminal prosecution are contained only in the defendant’s motion to quash the bill of information and memorandum in support, and in the State’s motion and memorandum in support of its opposition to the defendant’s motion to quash. While the allegations per se are not pertinent to the instant matter, we have nonetheless gleaned from the record the following facts. On or before September 10, 2010, the defendant entered into a $100,000.00 contract with Louis Harding to perform repair work on Mr. Harding’s property located at 3100 Washington Avenue. While the defendant was performing that work, the property wound up being demolished. On August 5, 2009, Louis Harding sent Wayne Landry a demand letter requesting a refund of the monies he had paid on the contract ($45,-000), alleging that the contracted work had not been performed. On July 27, 2011, the State allegedly handed discovery items over to the defense that included a copy of a handwritten contract for repairs on Mr. Harding’s property.[1]
ASSIGNMENT OF ERROR
|sThe State asserts that trial court abused its discretion in granting the defendant’s motion to quash the bill of information. The State essentially argues that the trial court’s ruling was based upon the defendant’s factual defenses relating to the merits of the underlying criminal prosecution, which are not proper grounds for a motion to quash pursuant to La.C.Cr.P. art. 532 and applicable jurisprudence.[2]
*1081 DISCUSSION
La.C.Cr.P. art. 531 provides that all pleas or defenses raised prior to trial, other than mental 'ineapacity to proceed, not guilty, or not guilty by reason of insanity, shall be urged by a motion to quash.
As the Louisiana Supreme Court held in State v. Byrd 96-2302, (La.3/13/98), 708 So.2d 401, 411 (footnote omitted):
A motion to quash is, essentially, a mechanism whereby pretrial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to ^procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. seq.; State v. Rembert, 312 So.2d 282 (La. 1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
As this Court held in State v. Legendre, 362 So.2d 570, 571 (La.1978), “[t]he question, then, is whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable under a valid statute.” Legendre goes on to note that “[i]t will not do to base an indictment for a serious offense ... upon an allegation of fact which cannot conceivably satisfy an essential element of the crime.... ” Legendre, 362 So.2d 570, 571.
At the February 22, 2013 hearing on the defendant’s motion to quash the bill of information, the trial court stated, “I’ve reviewed both the Defense’s motion, supporting memorandum, and the reply by the State. At this time, the Defense motion is granted.” At the May 21, 2013 hearing, the State urged the trial court to reverse its February 22, 2013 ruling, which the trial court did. The State then proceeded to amend the original bill of information to reflect a change in the charge to theft over five-hundred dollars ($500.00). The defendant re-urged its motion to quash on the amended bill of information incorporating all prior arguments, both written and oral. The trial court again granted the defendant’s motion to quash. We can only deduce from these facts that the trial court based its May 21, 2013 *1082 judgment granting the defendant’s motion to quash on the same motions and memorandums provided at the February 22, 2013 hearing, which are part of the instant record.
| fiThe State argues that the crux of the defendant’s written motion to quash the bill of information is that there is absolutely no information or evidence showing that Mr. Landry stole anything from Mr. Harding. The State takes the position that whether or not the evidence is sufficient to sustain a conviction relates to the actual merits of the charge, and therefore, is not a valid basis for the defendant’s motion to quash.
The defendant maintains that the State cannot establish an essential element of the offense charged under any set of facts conceivably provable at trial and that the circumstances surrounding this case do not rise to the level of criminal theft pursuant to La. R.S. 14:67(B)(2). The defendant thus submits that the trial court’s ruling quashing the bill of information was correct.
We agree with the State that under Byrd, factual defenses going to the merits of the charge are not proper grounds to be considered when deciding a motion to quash. While the trial court was silent regarding its reasons for granting the defendant’s motion to quash, it clearly relied upon the arguments asserted by the defendant in his motion and memorandum in support.
Because the alleged facts must be accepted as true, the decision on a motion to quash is solely a question of law. See Byrd, supra. Thus, we review the trial judge’s ruling in this case under the de novo standard. Under this standard of review, we do not defer to any factual findings by the trial judge. Moreover, in deciding a motion to quash a bill of information, the trial court is not authorized to make any factual determinations. Because the trial court obviously relied upon factual defenses raised by the defendant as to the merits of the charge, the trial court erred by granting the motion to quash.
IrAs provided in La.C.Cr.P. arts. 61 and 62, subject to the supervision of the attorney general, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and determines whom, when and how he shall prosecute. Here, pursuant to its statutory authority, the State determined that a criminal offense had occurred and chose to pursue criminal prosecution of the matter.
While the State does not have to prove all of the elements of the charge at a preliminary hearing on a motion to quash, it must provide the trial court with sufficient prima facie evidence to support the charge against the defendant. We have reviewed the bill of information and, accepting as true the allegations contained therein, we conclude that the allegations are sufficient to support the charge against the defendant.
CONCLUSION
For the foregoing reasons, the trial court’s ruling granting the defendant’s motion to quash the bill of information is reversed; the judgment is vacated; and the matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED; VACATED AND REMANDED.

. We note that these items are not part of the record before this Court.

. Art. 532. General grounds for motion to quash
A motion to quash may be based on one or more of the following grounds:
(1)The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
*1081 (4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury veni-re was improperly drawn, selected, or constituted.
(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.