JUDGE SANDRA CABRINA JENKINS
Pursuant to State v. Crosby , 338 So.2d 584 (La. 1976), defendant, Dwayne Sparks, pled guilty to possession of a firearm by a *310 convicted felon, a violation of La. R.S. 14:95.1, while reserving his right to appeal the trial court's denial of his motion to quash the bill of information. In this appeal, defendant argues that the trial court erred in denying his motion to quash the bill of information because he was not convicted of the predicate felony alleged in the bill of information, which is an essential element of the charged offense. Thus, defendant argues the bill of information fails to charge an offense punishable under a valid statute and, accordingly, must be quashed.
Upon review of the record and in light of applicable law, we agree. We find that defendant's prior guilty plea, entered pursuant to Georgia's First Offender Act, does not constitute a conviction for purposes of establishing a violation of La. R.S. 14:95.1, as charged in the bill of information in the instant case. Thus, we find the trial court erred as a matter of law in denying defendant's motion to quash the bill of information. For the reasons set forth in further detail below, we reverse the trial court's ruling, grant defendant's motion to quash the bill of information, and vacate and set aside his conviction.
STATEMENT OF THE CASE
On March 27, 2017, defendant entered a guilty plea to simple robbery in Case Number 14-CR-3008, in Superior Court of Dekalb County, Georgia, under the provisions of Georgia's First Offender Act, Ga. Code Ann. § 42-8-60. In accordance with the First Offender Act, the trial court withheld an adjudication of guilt and sentenced defendant to three years on probation.[1] Subsequently, defendant's probation was transferred to the State of Louisiana.
On July 26, 2018, the State filed a bill of information charging defendant with possession of a firearm by a felon, a violation of La. R.S. 14:95.1, "having been previously convicted of a felony, namely simple robbery in Case Number 14-CR-3008 in Dekalb County, GA, Superior Court."[2] On that same date, defendant filed a motion to quash the bill of information. Subsequently, defendant appeared for arraignment and entered a plea of not guilty.
On August 2, 2018, the trial court denied defendant's motion to quash, and, at that time, defendant changed his plea to guilty while reserving his right to appellate review of the trial court's ruling on his motion to quash, pursuant to Crosby , supra. Defendant waived sentencing delays, and the trial court sentenced defendant to five years at hard labor.[3]
Defendant initially filed an application for supervisory writs to this Court, seeking *311 review of the trial court's denial of his motion to quash. However, finding that defendant's guilty plea under Crosby was an appealable judgment, this Court denied defendant's writ. State v. Sparks , unpub., 18-0772 (La. App. 4 Cir. 9/26/18). Defendant then filed a motion for an out-of-time appeal, which the trial court granted. This appeal followed.
DISCUSSION
In his sole assignment of error, defendant argues that the trial court erred in denying his motion to quash the bill of information because it fails to charge an offense punishable under a valid statute. See La. C.Cr.P. art. 532(1). Defendant asserts that he was not convicted of the predicate felony alleged in the bill of information, which is essential to establish a violation of the charged offense, La. R.S. 14:95.1, possession of a firearm by a convicted felon.
When a defendant urges a motion to quash the bill of information on the grounds that it fails to charge an offense punishable under a valid statute, the trial court must accept as true the facts contained in the bill of information, and determine as a matter of law and from the face of the pleadings whether a crime has been charged. State v. Landry , 13-1030, p. 4 (La. App. 4 Cir. 5/7/14), 144 So.3d 1078, 1081 (quoting State v. Byrd , 96-2302, p. 18 (La. 3/13/98), 708 So.2d 401, 411 ). If the bill of information fails to charge an offense punishable under a valid statute, then it is defective and may be declared invalid by the trial court's ruling on the motion to quash. Landry , 13-1030, p. 4, 144 So.3d at 1081. In ruling on a motion to quash the bill of information, "the trial court is not authorized to make any factual determinations;" the trial court's determination is solely a question of law. Id. at p. 5, 144 So.3d at 1082. Thus, we review the trial court's ruling under the de novo standard of review. Id.
In the instant case, the bill of information charged defendant with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1, which provided in pertinent part as follows:[4]
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) ... or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
The essential elements to establish a violation of La. R.S. 14:95.1 are as follows: (1) defendant possessed a firearm; (2) defendant has been convicted previously of a crime of violence or other enumerated felony; (3) defendant possessed the firearm within ten years of the prior conviction; and (4) defendant had the general intent to commit the offense. State v. Contreras , 17-0735, p. 9 (La. App. 4 Cir. 5/30/18), 247 So.3d 858, 867 (citing State v. Fields , 12-0674, p. 6 (La. App. 4 Cir. 6/19/13), 120 So.3d 309, 315 ).
*312 The bill of information charging defendant with La. R.S. 14:95.1, alleges that he was previously convicted of simple robbery in Case No. 14-CR-3008, in Superior Court of Dekalb County, Georgia. Defendant admits that he was arrested and charged in that case; and he does not dispute that a conviction for that robbery offense would qualify as "a crime of violence as defined in La. R.S. 14:2(B) which is a felony."[5] Defendant asserts, however, that he entered a guilty plea in that case under the provisions of Georgia's First Offender Act, Ga. Code Ann. § 42-8-60, which withholds an adjudication of guilt during the period of probation; and, because his probation was not revoked and an adjudication of guilt was not entered, defendant asserts that he does not have a prior felony conviction for simple robbery in Case No. 14-CR-3008. Defendant therefore argues that his guilty plea from Georgia may not be used as a prior felony conviction for purposes of charging La. R.S. 14:95.1, and that, consequently, the bill of information fails to charge an offense punishable under a valid statute.
As the plain language of La. R.S. 14:95.1 indicates, the proscription against possession of a firearm applies to any person who has been "convicted" of certain felonies. As defined in La. C.Cr.P. art. 934(3), " 'convicted' means adjudicated guilty after a plea or after trial on the merits." Thus, for the bill of information to charge the offense under La. R.S. 14:95.1, defendant must have been adjudicated guilty, and thus convicted, of the alleged predicate felony, under the laws of the state in which the predicate felony was allegedly committed. See State v. Jones , 45,476, p. 14 (La. App. 2 Cir. 9/22/10), 47 So.3d 1096, 1104-05 ("Because the defendant was not 'convicted' of possession of cocaine [an enumerated qualifying felony under La. R.S. 14:95.1 ] under Florida law, that charge may not be used as a predicate offense for the charge of possession of a firearm by a convicted felon in Louisiana.").
The disposition in Case No. 14-CR-3008 in the Superior Court of Dekalb County, Georgia, reflects that defendant pled guilty to simple robbery under the provisions of Ga. Code Ann. § 42-8-60, and was "sentenced under First Offender/Conditional Discharge" to three years on probation.
Ga. Code Ann. § 42-8-60(a) (emphasis added), Georgia's First Offender Act provides in pertinent part:
When a defendant has not been previously convicted of a felony, the court may, upon a guilty verdict or plea of guilty or nolo contendere and before an adjudication of guilt , without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and:
(1) Place the defendant on probation; or
(2) Sentence the defendant to a term of confinement.
Thus, when a Georgia court sentences a defendant under the provisions of Ga. Code Ann. § 42-8-60(a), an adjudication of guilt is deferred during the probation or sentence. See Cook v. State , 338 Ga.App. 489, 790 S.E.2d 283, 290 (2016) ("[T]he case has, in effect, been suspended during the period of probation ...") (quoting Davis v. State , 273 Ga. 14, 537 S.E.2d 663, 665 (2000) (internal quotations marks omitted). The Act then provides:
The court may enter an adjudication of guilt and proceed to sentence the defendant *313 as otherwise provided by law when the:
(1) Defendant violates the terms of his or her first offender probation;
(2) Defendant is convicted for another crime during the period of his or her first offender sentence; or
(3) Court determines that the defendant is or was not eligible for first offender sentencing under this article.
Ga. Code Ann. § 42-8-60(c). (emphasis added). The Act further provides that a defendant sentenced to probation pursuant to the statute shall be "discharged as a matter of law" as soon as the defendant completes the terms of probation. Ga. Code Ann. § 42-8-60(e)(1). Most notably, the Act specifically states that any individual who is sentenced pursuant to § 42-8-60(a) "shall not be deemed to have been convicted during such sentence." Ga. Code Ann. § 42-8-65(c)(1).
In Davis , the Georgia Supreme Court examined the statutory scheme of Georgia's First Offender Act to determine whether a defendant on first offender probation who had not been discharged or revoked could be sentenced as a recidivist after a subsequent conviction for a violent felony. 273 Ga. 14, 537 S.E.2d 663. In that case, Davis had been sentenced under the First Offender Act to ten years on probation for armed robbery and possession of a firearm. During the period of his first offender probation, Davis was charged and convicted on separate charges of armed robbery and possession of a firearm. Based upon his prior first offender guilty plea, the trial court sentenced Davis to life without parole under the provisions of Ga. Code Ann. § 17-10-7(b)(2), which provided in pertinent part:
[A]ny person who has been convicted of a serious violent felony in this state ... and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is not sentenced to death shall be sentenced to imprisonment for life without parole.
On appeal, Davis argued that his first offender guilty plea could not serve as a basis for sentencing him as a recidivist under Ga. Code Ann. § 17-10-7(b)(2) because he did not stand "convicted" on those prior charges. The Georgia Supreme Court agreed, explaining as follows:
A first offender's guilty plea does not constitute a "conviction" as that term is defined in the Criminal Code of Georgia.[6] ... Under the first offender statute, until an adjudication of guilt is entered, there is no conviction.
...
The statutory scheme grants first offender probation status and eventually the probation is either revoked or it is discharged; unless it is revoked, there is no conviction. Revocation of the first offender probation status is necessary to constitute a 'conviction' under [Ga. Code Ann.] § 17-10-7(b)(2), and that did not occur here. The subsequent conviction does not necessarily result in a revocation of Davis's probation status. Upon a violation of a first offender's terms of probation, the trial court "may" enter an adjudication of guilt; it is not obliged to do so. In fact, despite the later conviction, failure of the State to initiate any revocation proceedings against Davis, and failure of the court to revoke the probation, would result in Davis's completion of the probationary period, and his discharge from probation.
*314 Davis , 537 S.E.2d at 665 (internal citations omitted) (emphasis added). Finding his first offender probation had not been revoked, the Georgia Supreme Court held that Davis had not been convicted of the prior charges and that the trial court erred in sentencing defendant as a recidivist under the provisions of Ga. Code Ann. § 17-10-7(b)(2). Id.
As explained in Davis , under Georgia law, a defendant who pleads guilty and is sentenced under the provisions of Georgia's First Offender Act is not convicted of that offense unless and until the court that imposed the sentence revokes defendant's first offender status and enters an adjudication of guilt. 537 S.E.2d at 665, n. 1 ("Only a court that imposed first offender probation has authority to revoke that status; it is the only legal authority that can formally adjudicate the offender.") (quoting McKinney v. State , 240 Ga.App. 812, 525 S.E.2d 395, 397 (1999) ); see also Cook v. State , 338 Ga.App. 489, 790 S.E.2d 283, 290-91 (2016) (holding that defendant could not be sentenced as a recidivist because his first offender status had not yet been revoked and he was not a convicted felon at the time he committed the subsequent felony); Gunter v. State , 182 Ga.App. 548, 356 S.E.2d 276, 277 (1987) (holding that defendant was not "convicted" as there was no adjudication of guilt following his first offender plea and thus defendant was not precluded from possessing a firearm by statute prohibiting such possession by convicted felons).
Pursuant to Georgia law, defendant was not convicted of simple robbery in Case No. 14-CR-3008, because defendant's first offender probation status was not revoked and no adjudication of guilt was entered by the Superior Court of Dekalb County, Georgia. Thus, defendant had not been convicted of the enumerated felony alleged in the bill of information charging him with possession of a firearm by a convicted felon.
As stated earlier in this opinion, to establish a violation of La. R.S. 14:95.1, the State must allege and prove that defendant has been convicted of a crime which, if committed in this state, would be one of the predicate felony offenses enumerated in La. R.S. 14:95.1.[7] Based upon our de novo review of the record and applicable law, we find that the bill of information in this case fails to charge a violation of La. R.S. 14:95.1, because defendant was not convicted of the alleged predicate felony under Georgia law. Therefore, we find that the trial court erred as a matter of law in denying defendant's motion to quash the bill of information.
CONCLUSION
For the foregoing reasons, we reverse the trial court's ruling and grant defendant's motion to quash the bill of information. Accordingly, defendant's guilty plea, entered pursuant to Crosby , is hereby vacated and set aside.
JUDGMENT REVERSED; CONVICTION VACATED AND SET ASIDE
LEDET, J., CONCURS IN PART
LEDET, J., CONCURS IN PART
I concur in the majority's decision to vacate Mr. Sparks' conviction and to reverse the district court's judgment granting the motion to quash. Instead of granting Mr. Sparks' motion to quash, I would remand the case to the district court for further proceedings in light of our opinion.
*315 In all other respects, I join the majority opinion.

The signed plea/disposition explains the "First Offender/Conditional Discharge", stating as follows:
The Defendant consenting hereto, it is the judgment of the Court that no judgment of guilt be imposed at this time but that further proceedings are deferred and the Defendant is hereby sentenced ...[.] Upon violation of the terms of probation, upon conviction for another crime during the period of probation, or upon the Court's determination that the Defendant is or was not eligible for sentencing under the First Offender Act or for Conditional Discharge, the Court may enter an adjudication of guilt and proceed to sentence the defendant to the maximum sentence as provided by law. Upon fulfillment of the terms of this sentence, or upon release of the Defendant by the Court prior to the termination of this sentence, the Defendant shall stand discharged of said offense without court adjudication of guilt and shall be completely exonerated of guilt of said offense charged.

The facts underlying the charge against defendant are not pertinent to this appeal.

Our review for errors patent reveals that the trial court imposed an illegally lenient sentence by omitting the requirements that defendant's sentence be served without benefit of parole, probation, or suspension of sentence, as required by La. R.S. 14:95.1. However, this sentencing error is moot in light of our decision vacating and setting aside defendant's conviction.

La. R.S. 14:95.1 was subsequently amended and reenacted by La. Acts 2018, No. 532, § 3, effective August 1, 2018. The amended language in subsection A, which includes persons "found not guilty by reason of insanity" of one of the enumerated crimes, does not affect the outcome of this case.

The essential elements constituting the offense of robbery in Georgia, pursuant to Ga. Code Ann. § 16-8-40, constitute the offense of simple robbery in Louisiana, pursuant to La. R.S. 14:65, which qualifies as a crime of violence under La. R.S. 14:2(B)(23).

Ga. Code Ann. § 16-1-3(4) defines "conviction" as "a final judgment of conviction entered upon a verdict or finding of guilty of a crime or upon a plea of guilty."

La. R.S. 14:95.1 requires an allegation of defendant's prior felony conviction in the charging instrument. See State v. Ball , 99-0428, p. 9 (La. 11/30/99), 756 So.2d 275, 280 ; see also La. C.Cr.P. art. 483.