Leon A. Cannizzaro, District Attorney, Donna R. Andrieu, Assistant District Attorney, Irena Zajickova, Assistant District Attorney, 619 South White Street, New Orleans, LA 70119, COUNSEL FOR APPELLANT
Aaron Zagory, ORLEANS PUBLIC DEFENDERS, 2601 Tulane Avenue, Suite 700, New Orleans, LA 70119, COUNSEL FOR DEFENDANT/APPELLEE
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Rosemary Ledet )
Judge Edwin A. Lombard *1264 The State appeals the district court judgment granting the defendant's motion to quash. After review of the record in light of the applicable law and arguments of the parties, the judgment of the district court is reversed.
Relevant Facts and Procedural History
On September 22, 2015, the State filed a bill of information charging Ms. Ferguson with two counts of theft: Count I charged Ms. Ferguson with theft in an amount "less than fifteen hundred dollars" belonging to Philip Cooper with the intent to permanently deprive Mr. Cooper of said property;" and Count II charged Ms. Ferguson with theft in an "amount less than fifteen hundred dollars belonging to Total Community Action Credit Union (TCACU) with the intent to permanently deprive TCACU of said property. No bill of particulars was requested or filed.[1]
At her arraignment on November 9, 2015, Ms. Ferguson pleaded not guilty. She filed the motion to quash the bill of information on August 14, 2018. On August 31, 2018, after a hearing, the district court found that based on the undisputed facts in the case and citing La. Code Crim. Proc. art. 532(A)(8), it lacked the jurisdiction to resolve the matter which was, in essence, a civil contract dispute.[2] Pursuant to the jurisprudence in New Orleans Jazz and Heritage Found., Inc. v. Kirksey , 2009-1433, p. 13 (La. App. 4 Cir. 5/26/10), 40 So.3d 394, 403, the district court found that Ms. Ferguson had no personal liability for the legal obligations of Knowledge Speaks, the company to which the Coopers paid the deposit.
The State appeals this judgment.
Standard of Review
The decision by a district court to grant or deny a motion to quash is "solely a question of law" and, therefore, reviewed de novo . State v. Ancalade , 14-0739, p. 10 (La. App. 4 Cir. 1/14/15), 158 So.3d 891, 897 (citation omitted). When reviewing de novo , this court does not defer to any factual findings made by the district court." Id.
Applicable Law
The motion to quash is a procedure by which to raise pre-trial defenses that do not go to the merit of the charge. State v. Petitto , 10-0581, p. 4 (La. 3/15/11), 59 So.3d 1245, 1248. "[F]actual defenses going to the merits of the charge are not proper grounds to be considered when deciding a motion to quash." State v. Landry , 13-1030, p. 5 (La. App. 4 Cir. 5/7/14), 144 So.3d 1078, 1082. Accordingly, a district court may not make any factual determinations. Id. Instead, "the district court accepts as true the facts contained in the indictment or bill of information and in the bill of particulars, and determines as a matter of law and from the face of the *1265 pleadings, whether a crime has been charged." State v. Petitto , supra .
Ms. Ferguson was charged under La. Rev. Stat. 14:67(A), which provides:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Discussion
This case is in pre-trial posture and there no trial testimony or evidence contained in the record. Nonetheless, the district court based its ruling on the "undisputed facts" of the matter, summarized in the written ruling as follows:
1. On August 7, 2014, the Cooper family paid a deposit to Knowledge Speaks in the amount of $7,276.43 to be applied to a mission trip to the Philippines for students of McDonough 35 and their parents.
2. Knowledge Speaks is a separate juridical entity of which the Defendant, Jena Ferguson, is the principal.
3. The Coopers decided not to go on the trip and requested a refund from the defendant, the principal of Knowledge Speaks.
4. The Defendant sent a letter to the Cooper family stating a refund was forthcoming.
5. A partial refund was made to the Cooper family and there is an outstanding balance due of $3,254.08.
6. Knowledge Speaks applied for and received grant funds for the mission trip from The Industrial Bank of Washington D.C. and those funds were transmitted to Knowledge Speaks by Total Community Action Federal Credit Union on May 29, 2014.
The district court also noted that [t]here is no dispute that the deposit and grant funds underlying the defendant's charge under La. [Rev. State.] 14:67 were paid by both the Coopers and The Industrial Bank of Washington D.C. through Total Community action Federal Credit Union to the entity Knowledge Speaks and not to the defendant directly." Observing that the general rule about a principal's legal liability is that "a shareholder, officer, or employee of a corporation is not liable for the conventional or legal obligations of a corporation" (with citation to New Orleans Jazz and Heritage Found, Inc. v. Kirksey , 2009-1433 (La. App. 4 Cir. 5/26/10), 40 So. 3d 394, 403 ) the district court found that "since the defendant was the principal of Knowledge Speaks, she has no personal liability for the legal obligations of the entity" and, accordingly, it was a civil matter and criminal district court had no jurisdiction over the matter.
The district court's analysis of the substantive issue of the defendant's criminal liability in this matter appears credible but premature. Pursuant to Landry and Petitto, supra , the district court must accept as true the facts contained in the indictment or bill of information and in the bill of particulars and rule and base its ruling on these pleadings and, further may not make factual determinations or base its ruling on affirmative defenses to the charge.
The pleadings in this case (which do not include the undisputed facts relied upon by the district court) do not provide a basis for granting the defendant's motion to quash and, therefore, the district court ruling is erroneous. Because the district court clearly relied upon factual defenses raised by the defendant as to the merit of *1266 the charge, the district court erred in granting the motion to quash.
Conclusion
The district court judgment is reversed and this matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
LEDET, J., CONCURS IN THE RESULT

La. Code Crim. Proc. art. 485 provides that when it appears from the bill of particulars that the offense charged in the indictment was not committed by the defendant charged, a district court may on its own motion or the motion of the defendant quash the indictment.

La. Code Crim. Proc. art. 532(8) provides that a motion to quash may be granted when "[t]he court has no jurisdiction over the offense charged."