STATE OF LOUISIANA       *       NO. 2024-KA-0266

VERSUS       *

      COURT OF APPEAL

KEITH JOHNSON       *

      FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 558-615, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Karen K. Herman)

Jason Rogers Williams
DISTRICT ATTORNEY
Brad Scott
Chief of Appeals
Patricia Amos
Assistant District Attorney
District Attorney's Office
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

      COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**OCTOBER 21, 2024**

The State of Louisiana seeks review of the trial court's judgment of January 29, 2024, granting the defendant Keith Johnson's motion to quash the bill of information. For the following reasons, we reverse the district court's ruling and remand the matter to the district court.

## PROCEDURAL HISTORY

On July 12, 2023, a bill of information was filed charging Mr. Johnson with aggravated second degree battery, a violation of La. R.S. 14:34.7.[1] Mr. Johnson was arraigned on July 18, 2024, at which time he entered a plea of not guilty. On July 20, 2023, the defense filed an omnibus motion for discovery, motions to suppress evidence, identification and statement, a motion to preserve evidence and a motion for preliminary examination. Pretrial motions were held on September 14, 2023. The district court denied the motions to suppress, found insufficient

---

[1] La. R.S. 14:34.7(A) defines aggravated second degree battery as "a battery committed with a dangerous weapon when the offender intentionally inflicts serious bodily injury."

probable cause for aggravated second degree battery, and found sufficient probable cause for second degree battery. On January 29, 2024, the defense filed a motion to quash the bill of information, pursuant to La. C.Cr.P. art. 572[2]; La. C.Cr.P. art. 578[3]; and La. C.Cr.P. art. 532(1)[4]. At the conclusion of the hearing, the district court, without providing reasons, granted the defense motion to quash.

## STANDARD OF REVIEW

> A court considering a motion to quash "must accept as true the facts contained in the bill of information and in the bill of particulars,

---

[2] La. C.Cr.P. article 572 provides:

A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
(3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.
B. (1) Notwithstanding the provisions of Article 571.1 and Paragraph A of this Article, prosecutions for any sex offense may be commenced beyond the time limitations set forth in this Title if the identity of the offender is established after the expiration of such time limitation through the use of a DNA profile or newly discovered photographic or video evidence.
(2) A prosecution under the exception provided by this Paragraph shall be commenced within three years from the date on which the identity of the suspect is established by DNA testing or by the use of newly discovered photographic or video evidence.
(3) For purposes of this Article, "DNA" means deoxyribonucleic acid, which is located in cells and provides an individual's personal genetic blue print and which encodes genetic information that is the basis of human heredity and forensic identification.
(4) This Paragraph shall have retroactive application to crimes committed prior to June 20, 2003.
C. Upon expiration of the time period in which a prosecution may be instituted, any bail bond applicable to that prosecution which bond has not been forfeited shall also expire, and all obligations of that bail undertaking shall be extinguished as a matter of law.

[3] La. C.Cr.P. article 578 states:

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.

[4] La. C.Cr.P. article 532(1) provides in pertinent part, that "[a] motion to quash may be based on one or more of the following grounds: . . . The indictment fails to charge an offense which is punishable under a valid statute."

and determine as a matter of law and from the face of the pleadings, whether a crime has been charged." *State v. Landry*, [20]13-1030, p. 4 (La. App. 4 Cir. 5/7/14), 144 So.3d 1078, 1081 (citations omitted). As such, the decision on a motion to quash is based strictly on legal issues and is therefore subject to a *de novo* standard of review. *State v. Hall*, [20]13-0453, p. 11 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 38-39.

In [*State v.*] *Marcelin,* [2013-0893, p. 4 (La. App. 4 Cir. 12/18/13), 131 So.3d 427, 430], this Court explained the well-settled principles regarding a trial court's analysis of a motion to quash:

> The scope of permissible consideration by the trial court on a motion to quash an indictment or bill of information is similar to an exception of no cause of action in a civil suit. *See State v. Schmolke,* [20]12-0406, pp. 2-3 (La. App. 4 Cir. 1/16/13), 108 So.3d 296, 298. *See also State v. Gerstenberger,* 260 La. 145, 255 So.2d 720, 723 (1971). Thus, "[a] judge's consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings." *Schmolke,* [20]12-0406 at p. 2, 108 So.3d at 298. This is because the question raised by a motion to quash is not of the factual guilt or innocence of the offense charged as that is an appropriate determination for the fact-finder at trial. *See State v. Perez,* 464 So.2d 737, 740 (La. 1985). *See also* [*State v.*] *Byrd*, 96-2302 [p. 18 (La. 3/13/98), 708 So.2d 401,] 411; *State v. Patterson,* 301 So.2d 604, 604 (La. 1974). Rather, the trial judge's range of permissible actions is limited to those matters which do not go to the merits of the charge.

*State v. Barnes,* 2020-0494, pp. 3-4 (La. App. 4 Cir. 1/27/21), 313 So.3d 401, 403-404.

## DISCUSSION

The State assigns as error the district court's granting of the defense motion to quash.

"A motion to quash is a mechanism whereby pre-trial pleas are urged, *i.e.,* pleas which do not go to the merits of the charge." *Marcelin*, 2013-0893, p. 3, 131 So.3d at 430. "All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of 'not guilty' and of 'not guilty and not guilty by

3

reason of insanity,' shall be urged by a motion to quash." La. C.Cr.P. art. 531. The available grounds for a motion to quash are listed in La. C.Cr.P. arts. 532 and 534. These lists, however, "are merely illustrative"; thus, "motions not based on the grounds therein should not be automatically denied." *Marcelin*, 2013-0893, p. 4, 131 So.3d at 430.

In *State v. Brown*, 2019-0281 (La. App. 4 Cir. 7/31/19), 364 So.3d 323, this Court found that the defendants failed to identify a cognizable formal deficiency in the bill of information in support of their motion to quash the bill of information. This Court noted that the defendants' argument was based upon La. C.Cr.P. article 485, which provides that

> [i]f it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, that the offense charged in the indictment was not committed, or that the defendant did not commit it, or that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured.

This Court quoted from its decision in *State v. Franklin*, 2013-0488, (La. App. 4 Cir. 10/9/13), 126 So.3d 663, wherein the Court discussed the framework for consideration of a motion to quash.

> The scope of permissible consideration by the trial court on a motion to quash an indictment or bill of information is similar to an exception of no cause of action in a civil suit. Thus, a judge's consideration of a motion to quash is confined to questions of law and, as a general rule, does not extend to defenses based upon factual findings. This is because the question raised by a motion to quash is not of factual guilt or innocence of the offense charged, as that is an appropriate determination for the fact-finder at trial. Rather, the trial judge's range of permissible actions is limited to those matters which do not go to the merits of the charge.
> * * *
> When considering a motion to quash, the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged. Evidence may be adduced in a motion to quash and at the subsequent hearing on the matter. The sole purpose of this evidence, however, must not be to support a defense on the merits. If the indictment, bill of information, and/or bill of particulars fails to

4

> inform the defendant adequately of the charges against him, the trial court may order the indictment or bill of information quashed.
>
> The decision by the trial court to grant or deny a motion to quash is solely a question of law. Thus, we review the trial judge's ruling in this case under a *de novo* standard. Under this standard of review, we do not defer to any factual findings by the trial judge. This lack of deference is strongly rooted in the fact that any factual determinations by a trial judge during that time regarding the merits of the defense would be unauthorized.
> *State v. Franklin*, [20]13-0488, pp. 4-6 (La. App. 4 Cir. 10/9/13), 126 So.3d 663, 666-68 (citations, quotation marks, and alterations omitted).

*Brown*, 2019-0281, pp. 3-4, 364 So.3d at 327.

The defendants in *Brown* argued that the information they obtained from the State during pre-trial discovery and additional evidence they gathered, which they attached to the motion to quash, revealed that they never filed a fraudulent insurance claim. They contended that the State could not allege or prove any facts that the defendants committed insurance fraud. This Court found that the defendants' arguments failed for two reasons, and the trial court erred in granting the motion to quash on these bases.

> First, the argument relies on facts not recited in the bill of information or a bill of particulars. Under the plain language of La. C.Cr.P. art. 485, the only facts that are relevant to the consideration of a motion to quash, pursuant to La. C.Cr.P. art. 485, are those set forth in the bill of information or a bill of particulars. The documents attached to the motion to quash, purporting to establish that no defendants had presented an insurance claim to any insurer, were beyond the scope of a motion to quash under La. C.Cr.P. art. 485. No defendant moved for a bill of particulars. Thus, the only relevant facts are those alleged in the bill of information, which charged the defendants with "commit[ing] insurance fraud by presenting a written or oral statement and/or conspiracy, knowing that such statement contained any false, incomplete, or fraudulent information concerning any fact or thing material to such claim." This language is sufficient to charge the defendants with a violation of the Insurance Fraud Statute.
>
> Second, the argument asserts a defense on the merits. "[I]t is well-settled that a factual defense [*i.e.*, a defense on the merits] is not a sufficient ground to quash a bill of information." *State v. Trepagnier*, [20]14-0808, p. 8 (La. App. 4 Cir. 11/19/14), 154 So.3d 670, 675. It is similarly well-settled that the assertion the State will not be able to carry its burden of proof at trial is a defense on the merits. In this case, the motion to quash alleged and attached evidence purporting to establish that no defendant presented an insurance claim to any insurer; and, on the basis of that allegation, the

5

motion to quash asserted that the State would not be able to carry its burden of proof at trial. This assertion constitutes a factual defense on the merits and was, thus, not a proper ground for a motion to quash.

*Brown*, 2019-0281, pp. 5-7, 364 So.3d at 327-328.

This Court recognized that the district court is limited to considering the alleged facts set forth in a bill of information in determining the merits of a motion to quash based on the assertion that the bill of information fails to charge an offense punishable under a valid statue in *State v. Sparks*, 2018-1013, pp. 3-4 (La. App. 4 Cir. 5/8/19), 271 So.3d 308, 311:

> When a defendant urges a motion to quash the bill of information on the grounds that it fails to charge an offense punishable under a valid statute, the trial court must accept as true the facts contained in the bill of information, and determine as a matter of law and from the face of the pleadings whether a crime has been charged. *State v. Landry*, [20]13-1030, p. 4 (La. App. 4 Cir. 5/7/14), 144 So.3d 1078, 1081 (quoting *State v. Byrd*, 96-2302, p. 18 (La. 3/13/98), 708 So.2d 401, 411). If the bill of information fails to charge an offense punishable under a valid statute, then it is defective and may be declared invalid by the trial court's ruling on the motion to quash. *Landry*, [20]13-1030, p. 4, 144 So.3d at 1081. In ruling on a motion to quash the bill of information, "the trial court is not authorized to make any factual determinations;" the trial court's determination is solely a question of law. *Id.* at p. 5, 144 So.3d at 1082. Thus, we review the trial court's ruling under the *de novo* standard of review. *Id.*

The State specifically argues that the district court erred when it granted the defense motion to quash the bill of information pursuant to the provisions of La. C.Cr.P. art. 532(1) based on the defense's allegations regarding the strength of the state's case and assertion of a defense on the merits. The bill of information provides that Mr. Johnson "[i]n violation of La. R.S. 14:34.7, on or about May 12, 2023, did commit a battery with a dangerous weapon upon Luke Dubicz, when the offender intentionally inflicts (sic) serious bodily injury." In its discovery, the State provided video reflecting that the weapon used was a knife. The defense argued in the motion to suppress that Mr. Johnson acted in self-defense and

6

defense of others, which the defense argues would render Mr. Johnson's actions non-criminal. The State opposed the motion to quash arguing that the defense's claim of self-defense/defense of others is based upon a finding of fact, which cannot be used to determine the merits of a motion to quash the bill of information.

In response to the State's argument, the defense relied upon *State v. Klump,* 2024-00565 (La. 5/17/24), 384 So.3d 887, to suggest the State's acknowledgement that the victim will not testify at trial reveals that the State will not be able to prove that serious bodily injury was inflicted on the victim, as required to prove the charged offense of aggravated second degree battery. The defense argues that without the victim's testimony, there is no other evidence to rebut Mr. Johnson's assertion of self-defense and defense of others, thus making his actions non-criminal.

In *Klump*, the Supreme Court recognized an exception to the rule that a motion to quash does not serve as a vehicle for asserting defenses on the merits. The Court stated that an exception "exists where the State has alleged or admitted facts under which a lawful conviction for the charged offense is not possible." *Klump*, 2024-00565, p.1, 384 So.3d at 887-888 (citing *State v. Legendre*, 362 So.2d 570 (La. 1978)). The defendant in *Klump* had been charged with obstruction of justice, unlawful practice of law, public intimidation, and witness intimidation. These charges were based upon a claim that the defendant called the alleged victim claiming to be a "representative" of the defendant, and that the defendant threatened legal action if the victim did not take down a social media post containing an image of the defendant. The Supreme Court concluded that even if the facts as alleged by the State were true, the State could not satisfy the elements of the four felony offenses charged.

Unlike in *Klump*, the State in the present matter has asserted sufficient facts in the bill of information to support a charge of aggravated second degree battery. A review of the hearing transcript reflects that while the State indicated that the victim would not testify at trial, it made no admission as to the evidence it would introduce to demonstrate the victim suffered serious bodily injury. The State indicated that it would be introducing the video camera footage which showed that Mr. Johnson stabbed the victim in the back. The defense makes the assumption that the State will be unable to present evidence to prove that he inflicted serious bodily injury on the victim. The State has not admitted or conceded that it does not plan to submit evidence of serious bodily injury. In the absence of an admission or concession on the part of the State that it could not prove serious bodily injury, the exception to the general rule enunciated in *Klump* is not applicable.

Accordingly, we find that the district court erred in granting the defense motion to quash. The district court's judgment is reversed, and the matter is remanded to the district court for further proceedings.

**REVERSED AND REMANDED.**